TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00035-CV






Everest Reinsurance Company/James A. Howard, Special Deputy Receiver of

Texas Employers' Insurance Association, Appellants 


v.



James A. Howard, Special Deputy Receiver of Texas Employers' Insurance


Association/Everest Reinsurance Company, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 911681, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING





 Both Everest Reinsurance Company ("Everest") and James A. Howard, challenge portions
of the trial court's order allowing Everest to remove this cause to federal court, but enjoining Everest from
seeking arbitration in federal court. We will affirm in part and reverse in part the trial court's judgment.


BACKGROUND


 Each year from 1985 to 1990, Everest Reinsurance Company ("Everest") (1) entered into
reinsurance agreements with Texas Employers' Insurance Association ("Texas Employers"). In 1991
Texas Employers was declared insolvent, and the 201st District Court of Travis County (the "receivership
court") appointed James A. Howard as its special deputy receiver (the "receiver"). The receivership court
also entered a permanent injunction, part of which forms the basis of this dispute. Specifically, the
injunction forbade any person from


commencing, or prosecuting any action or appeal or arbitration . . . against Defendant
Texas Employers' Insurance Association . . . except by doing so in the receivership
proceedings herein, and from asserting any claims against Defendant Texas Employers'
Insurance Association, or against the Permanent Receiver thereof, whether against or
through Defendant Texas Employers' Insurance Associations' policyholders, except in the
receivership proceedings herein . . . ."



 In 1996, the receiver filed a complaint against Everest in the receivership court. The
receiver contended that, under the reinsurance agreements, Everest owed Texas Employers over eleven
million dollars. Everest answered the receiver's complaint. In addition, Everest asserted that under the
terms of its reinsurance agreements with Texas Employers it had a right to arbitrate this dispute. Everest
then removed the case to federal court based on diversity of citizenship and requested that the federal court
order the parties to arbitration. In response, the receiver requested that the receivership court declare
Everest's removal and motion to compel arbitration violative of both the court's permanent injunction and
article 21.28 of the Texas Insurance Code. See Tex. Ins. Code Ann. art 21.28, §§ 2(e), 4(h) (West 1981
& Supp. 1997) (hereinafter the "Receivership Statute"). The receivership court entered a seemingly
contradictory order, finding that Everest's removal to federal court did not violate the permanent injunction
or Receivership Statute, but that Everest's request for federal-court-ordered arbitration did. Both parties
appeal the receivership court's order. (2)


DISCUSSION


 Everest argues the receivership court correctly decided that Everest could remove the case
to federal court; however, it contends that the court erred by finding that the injunction and statute forbade
it from seeking arbitration in federal court. Conversely, the receiver contends that the court erred in finding
that Everest could seek removal to federal court.


Removal to Federal Court

 The receiver argues that the receivership court should have declared Everest's removal of
the case to federal court violated both the permanent injunction and the Receivership Statute. We disagree.

 Initially, we address whether Everest's removal violated the receivership court's permanent
injunction. This injunction forbade Everest from commencing or prosecuting any action. In this case,
however, the receiver commenced an action against Everest in the receivership court. Everest merely
responded to the receiver's complaint by removing the case to federal court; it did not assert any claim of
its own against the receiver. This response does not constitute the commencement or prosecution of an
action; therefore, by exercising its right of removal to federal court, Everest did not violate the permanent
injunction.

 Next, we address whether Everest's removal violated sections 2(e) and 4(h) of the
Receivership Statute. Section 2(e) authorizes the receiver to conduct the business of Texas Employers
subject to the direction of the receivership court. See Receivership Statute § 2(e). Section 4(h) states that
the receivership court "shall have exclusive venue to hear and determine all actions or proceedings
instituted after the commencement of delinquency proceedings by or against the insurer or receiver." Id.
§ 4(h) (emphasis added). The receiver argues that, because the Receivership Statute requires this "lawsuit
be 'subject to the direction' of the Receivership Court and designat[es] the Receivership Court as the
'exclusive' venue in which to institute new actions or proceedings, all other forums, including federal district
courts, are excluded."

 Section 4(h) does not confer exclusive jurisdiction on the receivership court; rather, it
confers exclusive venue upon that court. Whitson v. Harris, 792 S.W.2d 206, 208-09 (Tex.
App.--Austin 1990, writ denied). Under federal law, a defendant may remove a civil action from state
court to federal court so long as the federal district court has original jurisdiction over that action. (3) 28
U.S.C.A. § 1441 (West 1994). "Federal law determines whether the elements of removal jurisdiction have
been satisfied." 14A Charles A. Wright, et al., Federal Practice and Procedure § 3721, at 192 & n.25
(2d ed. 1985). Indeed, the procedural provisions of a state statute cannot control on the issue of whether
removal to federal court is proper. See Rock Island & Pac. R.R. Co. v. Stude, 346 U.S. 574, 580
(1954). Accordingly, because section 4(h) is a venue statute, Everest could properly seek removal to
federal court. (4)

 The receiver also argues that the McCarran-Ferguson Act prevents Everest from removing
this cause to federal court. See 15 U.S.C.A. § 1012(b) (West 1976 & Supp. 1997). That act states that
"[n]o act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State
for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business
of insurance." Id. The receiver contends, therefore, that the federal removal statute cannot supersede
section 4(h) of the Receivership Statute. We disagree with the receiver's contention for two reasons. First,
as noted above, the exclusive venue provision of section 4(h) does not conflict with the federal removal
statute; therefore, there is no reason for section 4(h) to preempt the federal removal statute.

 Second, even if the federal removal statute did conflict with the Receivership Statute,
section 4(h) of the Receivership Statute was not enacted "for the purpose of regulating the business of
insurance." The McCarran-Ferguson Act focuses upon the relationship between the insurance company
and its policyholders: "The relationship between insurer and insured, the type of policy which c[an] be
issued, its reliability, interpretation, and enforcement--these [are] the core of the 'business of insurance.'"
United States Dep't of Treasury v. Fabe, 508 U.S. 491, 501 (1993) (quoting SEC v. National
Securities, Inc., 393 U.S. 453, 460 (1969)). "'[A]ncillary activities' that do not affect performance of the
insurance contract or enforcement of contractual obligations" are not included in the "business of insurance"
for the purposes of the McCarran-Ferguson Act. Id. at 460 (citing Union Labor Life Ins. Co. v. Pireno,
458 U.S. 119, 134 (1982)). The exclusive venue provision of section 4(h) does not affect the relationship
between insurance companies and their policyholders; it merely designates a forum in which disputes
concerning insolvent insurers can be heard. The substantive rights and responsibilities of insurers and their
policyholders can be protected in either state or federal court. Accordingly, because section 4(h) of the
Receivership Statute is not a law enacted "for the purpose of regulating insurance," the McCarran-Ferguson Act does not apply and cannot preempt the federal removal statute.

 Neither the permanent injunction nor the Receivership Statute preclude Everest's removal
of this action to federal court. Accordingly, we overrule the receiver's sole point of error.


Arbitration

 Next we address the question of whether the receivership court could prevent Everest from
seeking to arbitrate in federal court. Once the receivership court interpreted its injunction and the
Receivership Statute and ruled that removal was proper, it no longer had authority to exercise control over
the lawsuit. "[A] state has no power through direct or indirect means to withhold, condition, or restrict the
unfettered exercise of the right of removal . . . ." Fresquez v. Farnsworth & Chambers Co., 238 F.2d
709, 712 (10th Cir. 1956); see also Carson Construction Co. v. Fuller-Webb Construction, 198
F.Supp 464, 466 (D. Mont. 1961) ("The right of removal given by a constitutional act of Congress cannot
be taken away, restricted, or abridged by any state statute."). Indeed, once removal is completed, federal
law dictates that the "State court shall proceed no further unless and until the case is remanded." 28
U.S.C.A. § 1446(d) (West 1994). Once a case is removed, the federal court acquires full and exclusive
jurisdiction over the case, Moore v. Interstate Fire Ins. Co., 717 F. Supp. 1193, 1195 (S.D. Miss.
1989), and the state court is deprived of further jurisdiction in the proceedings. In re Wellington
Resources Corp., 20 B.R. 64, 71 (Bankr. N.D. Tex. 1982); see also 14A Charles A. Wright, et al.,
Federal Practice and Procedure § 3737 (2d ed. 1985). After allowing Everest to remove to federal
court, the receivership court was powerless to exercise further control over the lawsuit. Accordingly, we
hold that the receivership court erred when it determined Everest could not seek arbitration in federal
court. (5) Everest's points of error are sustained.


CONCLUSION


 We affirm that portion of the court's order which declares that the removal did not violate
the permanent injunction and Receivership Statute; we reverse and render void that part of the order
precluding Everest from seeking arbitration in federal court.



 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed in Part; Reversed and Rendered in Part

Filed: August 28, 1997

Publish
1. Everest Reinsurance Company was formerly known as Prudential Reinsurance Company.
2. Both parties have also filed motions for leave to file petitions for writs of mandamus against the
receivership court. These have been docketed as cause numbers 03-97-00091-CV and 03-97-00131-CV. Because we dispose of the issues presented by those motions on appeal, we overrule both parties'
motions for leave to file.
3. Moreover, whether the federal district court has jurisdiction over this cause is a matter for that
court to determine.
4. Under the exclusive venue provision of section 4(h), Everest could not have shifted venue to
another state district court; however, the venue statute does not preclude Everest from removing the cause
to a federal district court.
5. The receiver contends that, under the Receivership Statute, it has no authority to arbitrate
disputes and cannot therefore be compelled to arbitrate. Because this cause has been removed to federal
court, this becomes a question for the federal district court to decide and we decline to reach this issue.



solvent insurers can be heard. The substantive rights and responsibilities of insurers and their
policyholders can be protected in either state or federal court. Accordingly, because section 4(h) of the
Receivership Statute is not a law enacted "for the purpose of regulating insurance," the McCarran-Ferguson Act does not apply and cannot preempt the federal removal statute.

 Neither the permanent injunction nor the Receivership Statute preclude Everest's removal
of this action to federal court. Accordingly, we overrule the receiver's sole point of error.


Arbitration

 Next we address the question of whether the receivership court could prevent Everest from
seeking to arbitrate in federal court. Once the receivership court interpreted its injunction and the
Receivership Statute and ruled that removal was proper, it no longer had authority to exercise control over
the lawsuit. "[A] state has no power through direct or indirect means to withhold, condition, or restrict the
unfettered exercise of the right of removal . . . ." Fresquez v. Farnsworth & Chambers Co., 238 F.2d
709, 712 (10th Cir. 1956); see also Carson Construction Co. v. Fuller-Webb Construction, 198
F.Supp 464, 466 (D. Mont. 1961) ("The right of removal given by a constitutional act of Congress cannot
be taken away, restricted, or abridged by any state statute."). Indeed, once removal is completed, federal
law dictates that the "State court shall proceed no further unless and until the case is remanded." 28
U.S.C.A. § 1446(d) (West 1994). Once a case is removed, the federal court acquires full and exclusive
jurisdiction over the case, Moore v. Interstate Fire Ins. Co., 717 F. Supp. 1193, 1195 (S.D. Miss.
1989), and the state court is deprived of further jurisdiction in the proceedings. In re Wellington
Resources Corp., 20 B.R. 64, 71 (Bankr. N.D. Tex. 1982); see also 14A Charles A. Wright, et al.,
Federal Practice and Procedure § 3737 (2d ed. 1985). After allowing Everest to remove to federal
court, the receivership court was powerless to exercise further control over the lawsuit. Accordingly, we
hold that the receivership court erred when it determined Everest could not seek arbitration in federal
court. (5) Everest's points of error are sustained.


CONCLUSION


 We affirm that portion of the court's order which declares that the removal did not violate
the permanent injunction and Receivership Statute; we reverse and render void that part of the order
precluding Everest from seeking arbitration in federal court.



 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed in Part; Reversed and Rendered in Part

Filed: August 28, 1997

Publish
1. Everest Reinsurance Company was formerly known as Prudential Re