944 So.2d 668 (2006)
J. Robert WOOLEY, as Acting Commissioner of Insurance for the State of Louisiana
v.
AMCARE HEALTH PLANS OF LOUISIANA, INC.
No. 2005 CW 2025.
Court of Appeal of Louisiana, First Circuit.
October 25, 2006.
*670 Joseph E. Cullens, Jr., Baton Rouge, Guy M. Hohmann, Austin, TX, Kimberly S. Morgan, Edward J. Walters, Jr., Baton Rouge, Sue Buser, Gonzales, Jonathan C. Augustine, Baton Rouge, Counsel for PlaintiffAppellee J. Robert Wooley, as Acting Commissioner of Insurance and Liquidator of AmCare Health Plans of Louisiana, Inc.
James C. Percy, David M. Kerth, Baton Rouge, Robert B. Bieck, Jr., New Orleans, Counsel for DefendantAppellant HealthNet, Inc.
Joseph J. McKernan, Baton Rouge, Counsel for PlaintiffAppellee Jean Johnson as Texas Special Deputy Receiver.
David M. Latham, Keary L. Everitt, New Orleans, Counsel for PlaintiffAppellee Louisiana Department of Insurance.
Gary P. Koederitz, Baton Rouge, Counsel for DefendantAppellee BestCare, Inc.
Wendell Clark, Baton Rouge, Counsel for DefendantAppellee Thomas S. Lucksinger, Michael D. Nadler and Stephen J. Nazarenus.
Claude F. Reynaud, Jr., Baton Rouge, Counsel for DefendantAppellee Proskauer Rose, L.L.P. and Stuart L. Rosow.
Harry J. Philips, Jr., Baton Rouge, Counsel for DefendantAppellee William Galtney, Jr. and Michael K. Jhin.
Mary Olive Pierson, V. Thomas Clark, Jr., Baton Rouge, Counsel for DefendantAppellee PriceWaterhouseCoopers, L.L.C.
Robert J. Burns, Jr., Baton Rouge, David H. Topol, Washington, D.C., Counsel for DefendantAppellee Greenwich Insurance Company.
George B. Hall, Jr., New Orleans, Merril Hirsh, Washington, D.C., Kelsey Kornick Funes, Baton Rouge, Counsel for DefendantAppellee Executive Risk Management and Executive Risk Specialty Ins. Co.
David L. Guerry, Baton Rouge, Counsel for DefendantAppellee Scott Westbrook.
William C. Kaufman, III, Baton Rouge, Counsel for DefendantAppellee M. Lee Pearce.
Dominique J. Sam, Michael Charles Guy, Baton Rouge, Counsel for Amicus Curiae Charles C. Foti, Jr., Atty. Gen., On Behalf of the Commissioner of Insurance-Liquidator of AmCare Health Plans of Louisiana, Inc.
Before: CIACCIO, LANIER and CLAIBORNE, JJ.[1]
*671 LANIER, J.
Defendant, Health Net, Inc., seeks appellate review of the overruling of its declinatory exception raising the objection of improper venue. For the following reasons, we affirm.

GENERAL PROCEDURAL FACTS
AmCare Health Plans of Texas, Inc. (AmCare-TX), was a health maintenance organization (HMO) licensed by and operating in Texas. Foundation Health Corp. and/or Foundation Health System, now known as Health Net, Inc. (Health Net), owned AmCare-TX, along with similar licensed HMOs in Louisiana, AmCare Health Plans of Louisiana, Inc. (AmCare-LA), and Oklahoma, AmCare Health Plans of Oklahoma, Inc. (AmCare-OK).[2] Health Net considered the three HMOs a financial liability and sold the HMOs to Thomas S. Lucksinger and others (collectively Lucksinger). Health Net retained a minority ownership interest in the HMOs. The HMOs eventually were ruled insolvent by the three respective state regulators.
Multiple lawsuits were filed in Louisiana and Texas by the receivers against various defendants, including Lucksinger, Price-WaterhouseCoopers (PWC) and Health Net. The lawsuits alleged mismanagement of the HMOs and accounting negligence and sought enforcement of guarantees made by Health Net regarding the HMOs' solvency. The allegations were amended to include charges of contract fraud and tort gross negligence by Health Net, Lucksinger, PWC and others. The trial court subsequently consolidated the three suits filed in Louisiana by J. Robert Wooley, Louisiana Commissioner of Insurance as Liquidator for AmCare-LA. The Texas receiver then intervened in the Louisiana proceedings against Health Net. The Texas receiver's allegations against Health Net included claims of fraud and conspiracy to defraud in connection with the sale, operation and management of the HMOs. Health Net responded by filing a declinatory exception raising the objection of improper venue asserting that under Texas law the exclusive venue for the Texas receiver's action was in Texas and, thus, venue was improper in Louisiana. The trial court overruled Health Net's exception and Health Net took this appeal.

APPEAL OR SUPERVISORY WRIT:

THE RETROACTIVE EFFECT OF ACT 205 OF 2005

Procedural Facts
On May 24, 2005, the district court judge signed a judgment that, in part, overruled Health Net's declinatory exception raising the objection of improper venue. Health Net filed a motion for a devolutive appeal. The district court judge refused to grant an appeal and ordered Health Net to seek a supervisory writ. Health Net reurged its request for an appeal, and on June 1, 2005, the district court judge signed an order for a devolutive appeal. This appeal was lodged with this Court on September 29, 2005. The order of appeal was correctly granted.
During this time period La. C.C.P. art. 2083 A provided, in pertinent part, that "[a]n appeal may be taken . . . from an interlocutory judgment which may cause irreparable injury." Contemporary jurisprudence held that, although the overruling of a declinatory exception raising the objection of improper venue was an interlocutory judgment, if it may cause irreparable *672 injury it was an appealable judgment. La. C.C.P. art. 1841; Price v. Roy O. Martin Lumber Co., XXXX-XXXX, p. 6, n. 2 (La.App. 1 Cir. 4/27/05), 915 So.2d 816, 821, n. 2, writ denied, XXXX-XXXX (La.1/27/06), 922 So.2d 543; Revision Comments  2005(a) and (b) for Act 205.

Act 205 of 2005
Article 2083 was amended by 2005 La. Act 205 to provide that "[a]n interlocutory judgment is appealable only when expressly provided by law." No law has been found that expressly provides for an appeal in this case at the present time.

Effective Date of Act 205
Section 2 of Act 205 provides that "[t]his Act shall become effective on January 1, 2006." (Emphasis added.)
The effective date of all laws is provided for in La. CONST. art. III, § 19 as follows:
All laws enacted during a regular session of the legislature shall take effect on August fifteenth of the calendar year in which the regular session is held and all laws enacted during an extraordinary session of the legislature shall take effect on the sixtieth day of the final adjournment of the extraordinary session in which they were enacted. All laws shall be published prior thereto in the official journal of the state as provided by law. However, any bill may specify an earlier or later effective date. (Emphasis added.)
In Section 2 of Act 205 the legislature exercised its constitutional power to fix a "later effective date". The fixing of an effective date determines when the prospective effect of a law commences. As will be hereinafter shown, this does not equate to a "legislative expression" of retroactivity. The words prospective and retroactive have antithetical meanings. Although all laws have an effective date (are prospective), all laws are not retroactive.

Retroactive Effect of Act 205
The legislature is free, within constitutional confines, to give its enactments retroactive effect. A court must defer to the legislature's intent when determining whether a statute should be applied retroactively. Retroactive application of new legislation is constitutionally permissible only if it does not result in impairment of the obligations of contracts or in divestiture of vested rights. U.S. CONST. amend. XIV, § 1 (due process and equal protection); U.S. CONST. art. I, § 10(1) (ex post facto law or law impairing the obligations of a contract); La. CONST. art. I, § 2 (due process); La. CONST. art. 23 (ex post facto law or law impairing the obligations of a contract); Morial v. Smith & Wesson Corp., XXXX-XXXX, pp. 11-13 (La.4/3/01), 785 So.2d 1, 9-11, cert. denied, 534 U.S. 951, 122 S.Ct. 346, 151 L.Ed.2d 262 (2001).
In determining whether a law may be applied retroactively, courts are guided by La. C.C. art. 6 which provides as follows:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
See also La. R.S. 1:2.
Article 6 requires a two-step inquiry: (1) did the legislature express its intent regarding retrospective or prospective application, and (2) if not, is the law substantive, procedural or interpretive. Substantive laws establish new rules, rights and duties or change existing ones. Procedural laws prescribe a method (remedy) for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Interpretive laws merely establish the meaning the interpreted law *673 had from the time of its enactment. Segura v. Frank, 93-1271, pp. 9-12 (La.1/14/94), 630 So.2d 714, 720-23, cert. denied sub nom., Allstate Ins. Co. v. Louisiana Ins. Guar. Ass'n, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887. See also Manuel v. Louisiana Sheriff's Risk Mgmt. Fund, 95-0406, pp. 8-9 (La.11/27/95), 664 So.2d 81, 85-86.
Finally, an appellate court is bound to adjudge a case before it in accordance with the law existing at the time of its decision. Where the law has changed during the pendency of a suit and retroactive application of the new law is permissible, the new law applies on appeal even though it requires reversal of a trial court judgment which was correct under the law in effect at the time it was rendered. Segura, 630 So.2d at 725. See also Cheron v. LCS Corrections Serv. Inc., XXXX-XXXX, p. 8 (La.1/19/05), 891 So.2d 1250, 1257-58.
The first inquiry to be made pursuant to the Segura methodology for determining retroactivity is did the legislature express its intent regarding retrospective application? A review of Act 205 shows that it does not contain a "legislative expression" that it applies retroactively. As previously indicated, the legislative expression of an effective date does not legislate retroactivity. Accordingly, we must proceed to the second Segura inquiry to determine whether Act 205 is substantive, procedural, or interpretive.

Is the Act 205 Amendment Substantive, Procedural or Interpretive?
Act 205 is not interpretive because it is clear and unambiguous in stating that "[a]n interlocutory judgment is appealable only when expressly provided by law." Act 205 amends the law; it does not interpret it. Thus, the final question is whether Act 205 is substantive or procedural.
Pursuant to Segura, a substantive law is one that establishes new rules, rights and duties or changes existing ones, and a procedural law prescribes a method for enforcing a substantive right and relates to the form of the proceeding or the operation of the law. Simply stated, did Act 205 effect a change in substance (right, obligation, or duty) or a change in procedure (remedy)?
Act 205 amended La. C.C.P. art.2083, which is found in the Code of Civil Procedure. Act 205 changed the appealability of an interlocutory judgment. An interlocutory judgment is "[a] judgment that does not determine the merits but only preliminary matters in the course of the action." La. C.C.P. art. 1841. The merits of an action are the substantive rights and obligations of the parties which are decided only by a final judgment. La. C.C.P. art. 1841. Preliminary matters in the course of an action are procedural matters. Thus, it has been said that substance includes all rules that determine the legal relations that courts must adjudicate, whereas, procedure relates to the process by which the facts are made known to the courts. H. Goodrich, Handbook of the Conflict of Laws, § 80, p. 143, n. 3 (4th ed.1964). A venue law is procedural so long as it does not make a change in the substantive law. Lejano v. K.S. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158, 165-66, cert. denied, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998). The amendment to Article 2083 effected a procedural change in the law.
Finally, the practical effect of Act 205 shows why it is a procedural law and not a subtantive law. La. CONST. art. V, § 5 (Louisiana Supreme Court) and La. CONST. art. V, § 10 (Courts of Appeal) provide for the appellate review of civil cases. This appellate review may be accomplished by an appeal or a supervisory *674 writ. Prior to Act 205, interlocutory judgments that may cause irreparable injury were reviewable by either procedure. These judgments are still reviewable by either procedure. Even though an interlocutory judgment is not immediately appealable now, it can still be reviewed when an unrestricted appeal is taken from a final judgment; in such an appeal, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. Judson v. Davis, XXXX-XXXX, p. 8 (La.App. 1 Cir. 6/29/05), 916 So.2d 1106, 1112, writ denied, XXXX-XXXX (La.2/10/06), 924 So.2d 167; ANR Pipeline Co. v. Louisiana Tax Comm'n, 2001-2594, p. 10, n. 5 (La.App. 1 Cir. 3/20/02), 815 So.2d 178, 186, affirmed and remanded, XXXX-XXXX (La.7/2/03), 851 So.2d 1145. Thus, the effect of Act 205 is to change the point in time the interlocutory judgment can be reviewed on appeal; it does not repeal the review by appeal. Act 205 does not affect the validity of the defendant's claim that the venue is improper.
Finally, it is well settled that there is no vested right in any given mode of procedure. Sawicki v. K/S Stavanger Prince, XXXX-XXXX, pp. 7-8 (La.12/7/01), 802 So.2d 598, 604-05, and the cases cited therein.
Act 205 is a procedural law and, pursuant to La. C.C. art. 6, applies retroactively.
Although this appeal was properly granted before the effective date of Act 205, it is no longer valid.[3] On its effective date Act 205 became prospective and retroactive. As previously indicated, an appellate court is bound to adjudge a case before it in accordance with the law existing at the time of the decision; the retroactive new law applies even though it requires reversal of the trial court order that was correct at the time it was rendered. This appeal is dismissed without prejudice.
However, because the merits of this issue deserve a swift and certain resolution, we will exercise our supervisory jurisdiction and grant a writ of certiorari to review the venue issue. Stelluto v. Stelluto, XXXX-XXXX, p. 7 (La.6/29/05), 914 So.2d 34, 39; State ex rel., Dep't of Social Services v. Howard, 2003-2865, p. 2, n. 1 (La.App. 1 Cir. 12/30/04), 898 So.2d 443, 444, n. 1.[4]

VENUE
Health Net asserts that since delinquency proceedings against AmCare-TX were instituted by the Texas receiver and are pending in Travis County, Texas, Travis County is the exclusive venue for all actions brought by the receiver for AmCare-TX, and Louisiana's Nineteenth Judicial District Court for the Parish of East Baton Rouge is not a proper venue. Further, Health Net asserts that where statutory law provides the only proper venue, that venue is non-waivable and is jurisdictional. Because the Texas statute vests exclusive venue in a particular court, Health Net asserts only the statutorily authorized court has subject matter jurisdiction. Moreover, Health Net asserts that the Texas statutory jurisdictional venue provisions do not provide for venue in a Louisiana court, and therefore, the trial court in this case is without subject matter jurisdiction.

*675 What is Venue?

Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. The three consolidated actions herein were brought and tried in the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge. Venue designates a place or places where an action shall be filed. Whether venue is proper is a question of law for which a de novo review is conducted by an appellate court. Novelaire Tech., L.L.C. v. Harrison, 2006-94, p. 5 (La.App. 5 Cir. 7/25/06), 939 So.2d 437, 440, and the cases cited therein.

Venue for the Main Demands
Part XVI of the Louisiana Insurance Code is entitled "REHABILITATION, LIQUIDATION, CONSERVATION, DISSOLUTION, AND ADMINISTRATIVE SUPERVISION" and is found in La. R.S. 22:732 et seq. La. R.S. 22:732.3 A entitled "Venue" provides as follows:
An action under this Part brought by the commissioner of insurance, in that capacity, or as conservator, rehabilitator, or liquidator may be brought in the Nineteenth Judicial District Court for the parish of East Baton Rouge or any court where venue is proper under any other provision of law.
The venue is proper for the three main demands filed by the Louisiana Insurance Commissioner in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

The Objection of Improper Venue
The objection of improper venue is a defense that may be raised through the declinatory exception. La. C.C.P. art. 925 A(4). The function of the declinatory exception is to decline the jurisdiction of a court. La. C.C.P. art. 923. Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties and to grant the relief to which they are entitled. La. C.C.P. art. 1; see generally F. Maraist and H. Lemmon, 1 La. Civil Law Treatise, Civil Procedure, §§ 3.1-3.8 and 6.5, pp. 30-49 and 110-11 (1999).
It has been held that venue and jurisdiction are separate and distinct legal concepts and that they are closely related but are not synonymous. Garcia v. Poseidon Shipping Co., Ltd., 99-0322, p. 5 (La.App. 4 Cir. 10/6/99), 746 So.2d 633, 636, writ denied, 99-3182 (La.1/28/00), 753 So.2d 203; 77 Am.Jur.2d Venue, § 1, p. 608 (1997). See also Ponthieux v. Lindsay, 216 So.2d 407, 413-14 (La.App. 3 Cir.1968) (on second rehearing), and the authorities cited therein, affirmed, 254 La. 647, 226 So.2d 482 (1969). Further, jurisdiction has been described as "a term with multiple meanings." Jurado v. Brashear, XXXX-XXXX, p. 3 (La.3/19/01), 782 So.2d 575, 577.

Jurisdiction
There are many types of jurisdiction. It does not appear that venue is closely related to jurisdiction over (1) the person, (2) property or (3) status. La. C.C.P. arts. 6, 8 and 10. However, it does appear that venue is closely related to original and territorial jurisdiction.
Original jurisdiction is jurisdiction in the first instance and specifies the adjudicative tribunal in which the initial adjudication is made.[5]Wooley v. State Farm *676 Fire & Cas. Ins. Co., XXXX-XXXX, p. 24 (La.1/19/05), 893 So.2d 746, 764. Louisiana Constitution article V, § 16(A)(1) provides that, "[e]xcept as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters." (Emphasis added.) The Nineteenth Judicial District Court has original jurisdiction herein because these cases are civil actions and there is no Louisiana constitutional provision stating otherwise.
All district courts in Louisiana have territorial jurisdiction over at least one parish. See La. CONST. art. V, § 14. For venue to be proper, the court in which an action is brought and tried must have territorial jurisdiction over the parish (or other area) designated as a proper venue. Because venue designates a place (parish or other physical area) wherein an action must be filed, it appears that it is most closely related to territorial jurisdiction. The territorial jurisdiction of the Nineteenth Judicial District Court is the Parish of East Baton Rouge. La. R.S. 13:477(19).[6]
Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. As previously indicated, pursuant to La. CONST. art. V. § 16(A)(1) district courts "have original jurisdiction of all civil . . . matters." (Emphasis added.) Civil matters generally are considered to be those subject matters that have been traditionally adjudicated by district courts. Madison v. Ward, 2000-2842, p. 9 (La.App. 1 Cir. 7/3/02), 825 So.2d 1245, 1253. In BLACK'S LAW DICTIONARY 767 (7th ed.1979) subject matter jurisdiction is defined as follows:
Power of a particular court to hear the type of case that is then before it . . .; Term refers to jurisdiction of court over class of cases to which particular case belongs . . .; jurisdiction over nature of the cause of action or relief sought . . .; or the amount for which a court of limited jurisdiction is authorized to enter judgment. (Emphasis added.)
See also 21 C.J.S. Courts § 10, p. 18 (1990).
Civil matters are a class of cases. The intervention of AmCare-TX asserts causes of action in contract and tort. These are subject matters that traditionally are adjudicated by district courts in Louisiana and, thus, are civil matters. These matters are substantive matters pertaining to rights, duties and obligations. Venue is a procedural matter unrelated to substantive causes of action. Subject matter jurisdiction in one state does not preclude such jurisdiction from being valid in another state or in a federal court. A & L Energy, Inc. v. Pegasus Group, XXXX-XXXX, p. 12 (La.6/29/01), 791 So.2d 1266, 1275, cert. denied, 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001); ACG Mediaworks, L.L.C. v. Ford, XXXX-XXXX, p. 5 (La.App. 5 Cir. 3/30/04), 870 So.2d 1097, 1101; de Nunez v. Bartels, 97-1384, pp. 8-10 (La.App. 1 Cir. 9/9/98), 727 So.2d 463, 467-68; Everest Reinsurance Co. v. Howard, 950 S.W.2d 800, 803 (Tex.App.Austin 1997), review denied (1/16/98).
Pursuant to the Louisiana Constitution, the Nineteenth Judicial District Court has subject matter jurisdiction over *677 this action. The appellant's assertion to the contrary is without merit.

Louisiana Venue Law for the AmCare-TX Intervention
An intervention is an incidental action that may be filed in an ordinary proceeding and is provided for in Louisiana Code of Civil Procedure article 1091 et seq. Article 1091 provides as follows:

A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant (emphasis added).
Louisiana Code of Civil Procedure article 1094 provides, "[a]n intervener cannot object to the form of the action, to the venue, or to any defects and informalities personal to the original parties." (Emphasis added.) Louisiana Code of Civil Procedure article 1034 provides as follows:
A defendant in an incidental action may plead any of the exceptions available to a defendant in a principal action, and may raise any of the objections enumerated in Articles 925 through 927, except that an objection of improper venue may not be urged if the principal action has been instituted in the proper venue. Exceptions pleaded by the defendant in an incidental action shall be subject to all of the provisions of Articles 924 through 934.
A party to an incidental action may plead any of the written motions available to a party to a principal action, subject to the provisions of Articles 961 through 969 (emphasis added).
Official Revision Comment (b)  1960 for Article 1034 provides as follows:
The rule enunciated in the first sentence of this article that the defendant in an incidental action may urge all procedural objections available to a defendant in the principal action, except that improper venue may not be urged if the principal action is instituted in the proper venue, is simply declaratory of civilian theories of incidental actions. If the principal action is filed in the proper venue, then that court has ancillary jurisdiction to entertain jurisdiction over the defendant in the incidental action, even though the venue might have been improper had the incidental action been instituted as a separate suit. This is axiomatic, otherwise the venue of all incidental actions would be improper if instituted against a nonresident defendant. On this point, see Art. 384 Code of Practice of 1870 (emphasis added).
See also F. Maraist and H. Lemmon, supra, § 7.3, pp. 168-71.[7]

The Texas Venue Law
At the time these actions were instituted, Texas' provisions governing the insurance *678 industry, found at V.A.T.S. Insurance Code article 1.10 et seq., provided as follows:
New Lawsuits. The court of competent jurisdiction of the county in which delinquency proceedings are pending under this Article shall have exclusive venue to hear and determine all actions or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver.
V.A.T.S. Insurance Code article 21.28, § 4(h).[8]
A delinquency proceeding was defined as "any proceeding commenced in any court of this State against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving such insurer." V.A.T.S. Ins.Code art. 21.28, § 1(b). V.A.T.S. Insurance Code article 21.28, § 4(i) states: "Venue. Exclusive venue of delinquency proceedings shall be in Travis County, Texas."

CONFLICT OF LAWS: WHICH VENUE STATUTE APPLIES?
When an action is filed in a state asserting that a cause of action accrued in another state, the applicable state law is determined by whether the issue involved is a matter of substance (right) or a matter of procedure (remedy). The substantive rights of the parties are determined by the law of the state where the cause of action arose; matters of procedure are determined by the law of the forum, i.e., the place where the action is filed. The court of the forum, subject to the limitations of the federal constitution, determines whether the question involved is one of substance or procedure. Sun Oil Co. v. Wortman, 486 U.S. 717, 722, 108 S.Ct. 2117, 2122, 100 L.Ed.2d 743 (1988); Williams v. Petroleum Helicopters, Inc., 234 So.2d 522, 523 (La.App. 3 Cir.1970), application denied, 256 La. 371, 236 So.2d 501 (La.1970); Penny v. Powell, 162 Tex. 497, 499, 347 S.W.2d 601, 602-03 (Tex.1961); Hill v. Perel, 923 S.W.2d 636, 639 (Tex.App. Houston 1995); H. Goodrich, supra, §§ 80-81, pp. 142-44; 16 Am.Jur.2d Conflict of Laws § 127, p. 142 (1998). Louisiana law on the conflict of laws applies. La. C.C. art. 3517.
Substantive laws establish or change substantive rules, rights and duties; procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Segura, 630 So.2d at 723; Madison, 825 So.2d at 1254. See also H. Goodrich, supra, § 80, p. 143, n. 3.
As previously indicated, venue "means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La. C.C.P. art. 41. The place where an action is filed and tried does not change the substantive rights of the parties that are litigated. Venue prescribes part of the method for enforcing the substantive rights of the parties. Venue is a procedural issue and the law of Louisiana prevails herein over the law of Texas on the issue of venue. American Dredging Co. v. Miller, 510 U.S. 443, 443 and 453-57, 114 S.Ct. 981, 983 and 988-90, 127 L.Ed.2d 285 (1994); Sawicki, 802 So.2d at 600 and 603-04; Lejano, 705 So.2d at 165 and 166; Bristol-Myers Squibb Co. v. Goldston, 957 S.W.2d 671, 673 (Tex.App.Fort Worth *679 1997), review denied (5/8/98); Brooks v. Texas Employers Ins. Ass'n, 358 S.W.2d 412, 415 (Tex.App.Houston 1962); Kerr Constr., Inc. v. Peters Contracting, Inc., 767 So.2d 610, 612 (Fla.App. 5 Dist.2000); 15A C.J.S. Conflict of Laws §§ 96-97, pp. 292-96 (2002).
The venue herein is proper. We find no error in the trial court's ruling.

DECREE
For the foregoing reasons, the appeal herein is dismissed without prejudice. The supervisory writ is denied on the merits and the judgment of the trial court is affirmed.
APPEAL DISMISSED; WRIT DENIED; JUDGMENT AFFIRMED.
NOTES
[1] The Hon. Philip C. Ciaccio, Judge (retired), the Hon. Walter I. Lanier, Jr., Judge (retired), and the Hon. Ian W. Claiborne, Judge (retired), are serving as judges ad hoc by special appointment of the Louisiana Supreme Court.
[2] All three HMOs were operated by AmCare Management, Inc. (AmCare-MGT), a management company in Texas.
[3] See Augman v. City of Morgan City, XXXX-XXXX (La.App. 1 Cir. 9/23/05), 914 So.2d 583 (decided before the effective date of Act 205).
[4] In the present case, the motion for appeal was filed within the 30-day delay applicable to supervisory writs contained in Uniform Rules  Court of Appeal, Rule 4-3 and, thus, an application for supervisory writs would have been timely.
[5] Original jurisdiction is distinguishable from appellate and supervisory jurisdiction. La. CONST. art. V, § 10(A).
[6] Other courts having original jurisdiction may, or may not, have parish-wide territorial jurisdiction. La. CONST. art. V, §§ 15(A) and 18; La. C.C.P. arts. 4851 and 4916.
[7] The venue provisions of Article 1034 do not supercede a mandatory Louisiana venue statute such as La. R.S. 13:510(B) pertaining to suits against political subdivisions of the State. See Foltner v. James, 2000-2352, pp. 1-2 (La.App. 4 Cir. 1/17/01), 779 So.2d 57, 58, writ denied, XXXX-XXXX (La.4/12/01), 793 So.2d 159; Service Master Action Cleaning, Inc. v. Clovis Hendry Ind., Inc., 98-2109, p. 4 (La.App. 1 Cir. 2/2/99), 753 So.2d 264, 266; Cohen v. Landry, 548 So.2d 115, 116 (La.App. 4 Cir.1989). There is no mandatory Louisiana venue statute applicable herein and, as previously indicated, La. R.S. 22:732.3 A controls in Louisiana.
[8] Article 21.28 has subsequently been repealed. It was replaced with provisions now contained in V.A.T.S. Insurance Code article 21A.001 et seq. However, pursuant to the express provisions of the enacting legislation, the law in effect at the time of institution of the suit controls. Because these suits were filed before the repeal of article 21.28, the prior law controls.