CIACCIO, J.
IsAmCare Health Plans of Louisiana, Inc., AmCare Health Plans of Texas, Inc., and AmCare Health Plans of Oklahoma, Inc. (collectively “the HMOs”) were health maintenance organizations licensed in Louisiana, Texas and Oklahoma. Foundation Health Corp. and/or Foundation Health System, now known as Health Net, Inc. (Health Net), owned the HMOs. Health Net considered the HMOs financial liabilities and sold a majority ownership interest in the HMOs to Thomas S. Lucksinger and others. The HMOs ultimately were ruled insolvent and in need of liquidation by the three respective state regulators. In each state, a receiver was appointed. The Louisiana receiver filed multiple lawsuits in the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana (the Louisiana actions), against Health Net and other defendants. The Louisiana receiver alleged, among other claims, mismanagement of the HMOs, contract fraud, and gross negligence.
Following the filing of the Louisiana actions by the Louisiana receiver, the Texas receiver instituted an action in Travis County, Texas (the Texas suit).[2] During pre-trial proceedings in the Louisiana actions, the Texas and Oklahoma receivers intervened in the Louisiana actions and the Louisiana actions were consolidated for trial. Thereafter, Health Net filed a declina-tory exception raising the objection of improper venue in the Nineteenth Judicial District Court. Health Net asserted that Texas or Oklahoma was the only proper venue for consideration of the intervenors’ claims and that the Louisiana courts had no jurisdiction. The trial court ruled venue was proper in East Baton Rouge Parish. Health Net appealed that decision to this Court (the venue appeals).
| ¿Before this Court issued its decision in the venue appeals, trial on the merits of the Louisiana actions was held. As to the claims of the Louisiana and Oklahoma receivers, the trial court found in favor of the plaintiffs and against Health Net and awarded damages. As to the claims of the Texas receiver, a jury returned a verdict in favor of the plaintiff and against Health Net and awarded damages. Before the trial court issued written judgments, Health Net filed a “petition and application for injunctive relief and issuance of [a] temporary restraining order.” Health Net named the Texas and the Oklahoma receivers as adverse parties. Health Net asserted that the Texas receiver was simultaneously prosecuting the Texas suit with demands for additional discovery. Health Net sought a temporary restraining order and an injunction against the Texas and Oklahoma receivers, enjoining them from pursing the Texas suit.
On October 31, 2005, the trial court issued a temporary restraining order (TRO) enjoining the Texas and Oklahoma receivers from any act in furtherance of prosecution of their claims in the Texas suit. By its express terms, the TRO expired in ten days. The trial court also scheduled a hearing for November 7, 2005 on Health Net’s application for a preliminary injunction.
*1227 After the November 7, 2005 hearing, the trial court ruled from the bench, granting the preliminary injunction against the Texas and Oklahoma receivers. On January 4, 2006, the trial court issued the following written judgment:
IT IS HEREBY ORDERED that ... the temporary restraining order issued by this Court on October 31, 2005, shall be converted to a preliminary injunction, and [the Texas and Oklahoma receivers] are restrained, prohibited and enjoined from taking any action in any manner related to or in furtherance of the pursuit of their claims against Health Net, Inc. in [the Texas suit]....
| slnitially, the written judgment contained language that provided for the dissolution of the injunction upon the occurrence of certain events. However, the trial court struck that language from its written judgment. The Texas receiver filed the instant appeals, seeking review of the judgment issuing the preliminary injunction (the preliminary injunction appeals).
After the Texas receiver’s preliminary injunction appeals were lodged, this Court rendered its decision in the venue appeals. In Wooley v. AmCare Health Plans of Louisiana, Inc., 2005-2025 (La.App. 1 Cir. 10/25/06), 944 So.2d 668, this Court held venue was proper in East Baton Rouge Parish and affirmed the trial court’s ruling. No party applied to this Court for a rehearing or to the Louisiana Supreme Court for a writ of certiorari. Accordingly, the judgment of this Court is final and definitive. La. C.C.P. arts. 1841 and 2166.
As a result of the finality of the venue appeals and the determination that the Louisiana court has jurisdiction over all claims raised by the Louisiana actions, all issues relating to the preliminary injunction are now moot.
Louisiana Revised Statute 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
| fi(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Pursuant to the principles enunciated by La. R.S. 13:4231, all causes of action in these consolidated cases have been extinguished and merged into the judgment. See La. R.S. 13:4231, Comment (f). Once the Texas receiver submitted her claims to the jurisdiction of the Louisiana court and the decision of the court on venue for the interventions became final and definitive, there can be no further litigation by the Texas receiver against Health Net in the Texas suit because of the substantive effect of the Louisiana judgment. Accordingly, the necessity for an injunction to prohibit future proceedings in the Texas suit no longer exists. Consideration of the issuance, content, or legal effect of the preliminary injunction would have no legal effect on the rights of the litigants. Pursuant to the provisions of La. R.S. 13:4231, we pretermit consideration of all issues *1228 raised by these appeals as moot. All cost of these appeals to be borne by appellant.
APPEALS DISMISSED AS MOOT.

. No party asserts that the claims raised in the Texas suit differ in any substantive way from the claims raised in the Louisiana actions.