# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-1165 c/w 07-1233

PATRICK GIBSON

VERSUS

ASHLEY M. PACKETT AND
SHELTER MUTUAL INSURANCE
COMPANY

CONSOLIDATED WITH

JENNIFER K. JONES

VERSUS

STATE FARM MUTUAL INSURANCE
COMPANY AND LACY SHAW

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
CITY COURTS OF PINEVILLE AND ALEXANDRIA,
PARISH OF RAPIDES, NOS. 6-0213 and 105,129
HONORABLE J. PHILLIP TERRELL, JR. and
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGES

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**David A. Hughes**
**Hughes & LaFleur, APLC**
**P.O. Box 1831**
**Alexandria, LA 71309-1831**
**Counsel for Defendants-Appellants:**
    **Ashley M. Packett and Shelter Mutual Insurance Company**
    **Lacy Shaw and State Farm Mutual Insurance Company**

**Thomas O. Wells**
**1254 Dorchester Drive**
**Alexandria, LA 71315**
**Counsel for Plaintiffs-Appellees:**
    **Patrick Gibson**
    **Jennifer K. Jones**

**PAINTER, Judge.**

Two unrelated automobile accident cases have been consolidated since they present the same issue for determination: whether the provisions of Act 365 of the 2006 Regular Session of the Louisiana Legislature, effective August 15, 2006, which amended La.Code Civ.P. art. 4843 to increase the jurisdiction of the city court of Pineville and the city court of Alexandria from $35,000.00 to jurisdiction "concurrent with the district court in cases where the amount in dispute, or the value of property involved, does not exceed the amount provided in Article 1732(1) for purposes of demanding a jury trial" are retroactive in application. The city court judges in Pineville and Alexandria found that the statute was procedural in nature and, therefore, applied retroactively. We agree.

### FACTUAL AND PROCEDURAL BACKGROUND

In the Pineville city court case, Patrick Gibson filed suit on April 4, 2006, regarding an automobile accident that occurred on September 25, 2005. On March 15, 2007, Gibson filed a motion in limine, which was considered as a petition for declaratory judgment, alleging that his damages exceeded $35,000.00 but were below $50,000.00 and sought an order from the court that the increase in the jurisdictional limit provided by Act 365, which became effective August 15, 2006, applied to his case. The city court judge granted the petition for declaratory judgment and ruled that the jurisdictional increase should be applied retroactively.

In the Alexandria city court case, Jennifer K. Jones filed suit on April 20, 2006, regarding an automobile accident that occurred on September 22, 2005. On April 18, 2007, Jones filed a petition for declaratory judgment alleging that her damages exceeded $35,000.00 but were below $50,000.00 and sought an order from the court that the increase in the jurisdictional limit provided by Act 365, which became

1

effective August 15, 2006, applied to her case. The city court judge granted the petition for declaratory judgment and ruled that the jurisdictional increase should be applied retroactively.

Since both cases present the same issue for decision by this court and since Plaintiffs in both cases are represented by the same attorney and Defendants in both cases are represented by the same attorney, Plaintiffs filed a motion to consolidate in this court. We granted the motion, consolidated the cases, and now issue this opinion affirming both of the city court judgments at issue.

## DISCUSSION

The statute at issue is La.Code Civ.P. art. 4843. At the time these suits were filed, the relevant portions of Article 4843 read:

> I.      In the Pineville City Court, the City Court of Leesville, the City Court of Minden, the City Court of Springhill, the City Court of Slidell, and the City Court of Alexandria, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed thirty-five thousand dollars.
>
> . . . .
>
> K.      In the City Court of Alexandria, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed thirty-five thousand dollars, except as provided in Article 4850.1.

While the suits were pending, the legislature amended Article 4843, by several acts, which resulted in a complete re-write of the article. The act relative to this case is Acts 2006, No. 365, which read, in pertinent part:

> Section 1.     Code of Civil Procedure Article 4843(I), (K), (L), and (M) are hereby amended and reenacted to read as follows:
>
> << LA C.C.P. Art. 4843 >>
>
> Art. 4843. City court jurisdiction; amount in dispute; injunctive actions by state or political subdivision
>
> * * * * * * * * * *

2

I. In ~~the Pineville City Court,~~ the City Court of Leesville, the City Court of Minden, the City Court of Springhill, <u>and</u> the City Court of Slidell, ~~and the City Court of Alexandria,~~ the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed thirty-five thousand dollars.

\* \* \* \* \* \* \* \* \* \*

~~K. In the City Court of Alexandria, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed thirty-five thousand dollars, except as provided in Article 4850.1.~~

~~L.~~ <u>K</u>. In the city courts of Bunkie and Marksville, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed twenty thousand dollars.

~~M.~~ <u>L</u>. In the city courts of Abbeville and Kaplan, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed twenty-five thousand dollars.

<u>M. In the City Court of Alexandria and the City Court of Pineville, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed the amount provided in Article 1732(1) for purposes of demanding a jury trial</u>.

The act became effective August 15, 2006. Shortly thereafter, Plaintiffs in both suits filed petitions for declaratory judgment in order to take advantage of the higher jurisdictional amount. However, neither Plaintiff alleged that his or her damages exceeded $50,000.00. Thus, entitlement to a jury is not at issue in either case.

Louisiana Civil Code Article 6 provides, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." Louisiana Revised Statutes 1:2 provides that "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated." However, the Louisiana Supreme Court has stated that the literal interpretation of La.R.S. 1:2 is inconsistent with civilian principles and, as such, its application has

3

been limited to substantive, and not procedural or interpretative, legislation. *See St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809 (La.1992). In order to determine whether Acts 2006, No. 365 should be applied retroactively, we must perform the two-step approach outlined in *Cole v. Celotex Corp.*, 599 So.2d 1058, 1063 (La.1992): "First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive."

We note that Article 4843 has been amended numerous times since 1986. In only two of those amendments did the legislature provide a specific date on which the amendment would become effective and specifically state that the amendment would only apply to civil actions filed after the stated effective date. *See* Acts 1997, No. 193 and Acts 2001, No. 343. Acts 2006, No. 365 did not provide for a specific effective date, and it did not contain any expression of intent as to retroactive or prospective application of the amendment. As a result, the general effective date of all laws enacted at the 2006 Regular Session was August 15, 2006, and this act became effective at that time.

Having determined that the legislature did not express any intent as to whether the provisions of Acts 2006, No. 365 were to be limited to prospective application only, we must now determine whether the amendment is substantive or procedural. Substantive laws are those which establish new rules, rights, and duties or change existing ones. *Rousselle v. Placquemines Parish Sch. Bd.*, 93-1916 (La. 2/28/94), 633 So.2d 1235. "Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws." *Id* at 1244.

4

Defendants contend that the amendment at issue, which effectively increases the jurisdiction of the city courts of Pineville and Alexandria, is a substantive change in the law which applies only prospectively. Defendants' argument is that the amendment is substantive because their liability exposure is changed and increased by the retroactive application of the amendment. Plaintiffs, on the other hand, argue that Defendants are exposed to the same liability both before and after the amendment because Plaintiffs, even before the amendment, could have filed their suits in either city court or district court and Defendants would have been exposed to the same level of liability – the venue or forum that will decide the amount of exposure may change by the retroactive application of the act, but the liability would be the same whether the suit is filed in city or district court.

Our inquiry is whether Acts 2006, No. 365 effected "a change in substance (right, obligation, or duty) or a change in procedure (remedy)?" *Wooley v. Amcare Health Plans of La., Inc.*, 05-2025, p. 8 (La.App. 1 Cir. 10/25/06), 944 So.2d 668, 673. Even had this amendment not been enacted, Plaintiffs could have amended their petitions to allege damages in excess of $35,000.00 and moved to have their suits transferred to district court. *See Beard v. Circle K, Inc.*, 554 So.2d 825 (La.App. 1 Cir. 1989). We agree with the city court judges of Pineville and Alexandria in their conclusions that Defendant's exposure is no greater because of the retroactive application of the amendment since the right to a jury trial has not been affected and the amount of exposure pursuant to a judge trial has not been increased. Further, "it is well settled that there is no vested right in any given mode of procedure." *Wooley*, 944 So.2d at 674. Thus, we find that the change effected by this amendment was procedural in that it deals with the remedy rather than with the right itself.

**DECREE**

Following our *de novo* review of the records in both cases, we find that the city courts applied the law appropriately. Therefore, for all of the foregoing reasons, the judgments appealed from are affirmed. Acts 2006, No. 365 applies retroactively such that Plaintiffs are entitled to seek damages in excess of $35,000.00 but not to exceed $50,000.00 in the city courts of Pineville and Alexandria. Costs of this appeal are assessed equally to Defendants-Appellants, Ashley M. Packett and Shelter Mutual Insurance Company and Lacy Shaw and State Farm Mutual Insurance Company.

**AFFIRMED.**