CAPITAL ONE BANK
v.
RHONDA WHITE.
No. 2007 CW2174.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
NOT DESIGNATED FOR PUBLICATION
LINDA L. LYNCH, GREGORY M. EATON, Attorney for Plaintiff/Appellant Capital One Bank.
RHONDA WHITE, Pro Se.
Before: GAIDRY, McDONALD and McCLENDON, JJ
McDONALD, J.
Capital One filed a petition in the Nineteenth Judicial District Court to confirm an arbitration award against Rhonda White for $5,268.17 together with 18% interest from date of judgment, plus attorney's fees in the amount of 25% of the total of both principal and interest. Ms. White filed an answer asserting that she had no knowledge of a credit card from Capital One and she needed more information. Capital One responded by filing a request for genuineness of document, which called upon Ms. White to admit or deny the genuineness of attached documents within 15 days as provided by La. C.C.P. art. 1466. The request listed the following documents as being attached: a copy confirming her notice of the arbitration proceeding, a copy of the arbitration award, and a copy of the notice with which she received the arbitration award. Ms. White did not respond to this request.
A hearing was held on the motion to confirm the arbitration award, at which time Ms. White appeared and asserted that she did not sign a contract agreeing to binding arbitration. The trial court then denied the motion to confirm the arbitration award. Capital One appealed that judgment, and asserts that the trial court erred in refusing to confirm the award when Ms. White failed to seek to vacate, modify, or correct the arbitration award as authorized by law.
Thereafter, this court issued a show cause order stating that the decretal portion of the judgment did not contain language disposing of and dismissing the plaintiffs claim. This court ordered the parties to show cause why the appeal should not be dismissed.
Capital One responded with a brief in support of the sufficiency of the judgment, stating that the trial judge stated in oral reasons for judgment that she would not confirm the arbitration award and that the judgment stated that the motion to confirm the arbitration award was denied. Capital One asserted that after all the re-hearing delays had run, its only remedy was an appeal. Thereafter, this court referred the show cause order to the merits of the case.
The judgment lacks decretal language disposing of or dismissing the suit. See La. C.C.P. arts. 1911 and 1918. This court could remand the suit to the trial court for an amended judgment and Capital One could then file another appeal, however, that would not be an efficient remedy.
The decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts. Stelluto v. Stelluto, 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39. In the interest of judicial efficiency, we exercise our supervisory jurisdiction and grant a writ of certiorari to review this case.[1]
Louisiana Revised Statute 9:4209 provides:
At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof. (Emphasis added.)
A simple reading of the language of the statute leads to the conclusion that the trial court erred in refusing to grant Capital One's motion. When construing a law or a constitutional provision, the word "shall" is universally considered to mean mandatory. La. R.S. 1:3. The trial court simply lacked the discretion to decline to grant the order in this case.[2] See CACV of Colorado, LLC v. Coston, XXXX-XXXX, 2007 WL 2713391 at *1 (La. App. 1 Cir. 9/19/07) (unpublished).
Thus, for the foregoing reasons, the application for supervisory writs is granted; the trial court judgment denying the motion to confirm the arbitration award is reversed, and judgment is hereby rendered in favor of Capital One and against Rhonda White in the amount of $5,268.17 together with 18% interest from date of judgment, plus attorney's fees in the amount of 25% of the total of both principal and interest. Costs are assessed against Ms. White.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.
NOTES
[1] In this case, the motion for appeal was filed within the 30-day delay applicable to supervisory writs contained in Uniform Rules-Court of Appeal, Rule 4-3 and, thus, an application for supervisory writs would have been timely. See Wooley v. Amcare Health Plans of Louisiana, Inc., 05-2025, p. 11 (La. App. 1 Cir. 10/25/06), 944 So.2d 668,674, n. 4.
[2] The award was not vacated, modified, or corrected in this case, and thus, R.S. 9:4210 and 4211 are not applicable herein.