DRAKE, J.
IpThe plaintiff, Darrin Gilmer, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a judgment of the district court that dismissed his petition for judicial review with prejudice. For the following reasons, we affirm,

PROCEDURAL HISTORY

According to the record, Gilmer is currently serving a fifty-year sentence for armed robbery, running concurrently with a twenty-five year sentence for aggravated burglary, as imposed on October 18, 1991 by the First Judicial District Court in Cad-do Parish, Louisiana. Since his sentencing, Gilmer has been awarded double good time (30 days for 30 days) for his time served as a DPSC inmate; pursuant to La. R.S. 15:571.14, the statute in effect at. the time Gilmer committed the crimes.
In 2013, Gilmer filed a request for relief under the Louisiana Corrections Administrative Remedy Procedure Act (CARP), La. R.S. 15:1171 et seq., assigned number HDQ-2013-2363, with the warden at the Claiborne Parish Detention Center in Homer, Louisiana, where he is currently housed.[1] Gilmer argued that his master prison record contains an error as to the “Good Time Act” controlling his sentence.
’ The DPSC reviéwed Gilmer’s Administrative Remedy (ARP) No. HDQ2013-2363 according to the procedures provided by law and denied his request for relief at *748 each step. In the Second Step Response Form, Gilmer received the following explanation from the DPSC, stating, in pertinent part:
You state you should be serving your sentence under the amended Act 649. You [were] sentenced under and receiving good time under Act 376 of the 1988 legislative session. This allows the offender to receive double good time (30 days for every 30 incarcerated) from his |sdate of sentence. The offender is not receiving double good time on his pretrial incarceration time. Act 138 of the 1991 legislature allowed the earning of good time on jail credit. Only those sentenced or re-sentenced on or after January 01, 1992 are allowed to earn good time on the jail credit. As the offender was sentenced- prior to this date, his time is considered correct. You also, mentions [sic] eligibility for Act-649 of the'2010 legislative session. However, you are not eligible for this increase in good time as the legislation places restrictions on the eligibility. Offenders convicted of a crime of violence that are now enumerated under [La. R.S.] 14:2(B) regardless of the date- of conviction are not eligible for the increase of good time. You are serving a sentence for Armed Robbery and Aggravated burglary, both are considerate [sic] crimes of violence. No further investigation is needed.
On September 27, 2013, Gilmer filed a petition for judicial review in the Nineteenth Judicial District Court; it was assigned to a commissioner for evaluation and to make a recommendation to the district court judge.[2] The DPSC filed a response to Gilmer’s petition and attached the entire administrative record. The commissioner reviewed the record and determined that, based on applicable law, the decision to deny Gilmer’s ARP should be affirmed, and Gilmer's petition for judicial review should be dismissed. On October 3, 2014, after a de novo review of the record and the commissioner’s recommendation, the district court’judge signed a judgment incorporating the commissioner’s recommendation. This appeal by Gilmer followed.

STANDARD of review

Enacted in 1985, CARP authorized the DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171-72. As provided in CARP, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by Lfíling a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. On review of the agency’s decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The court may reverse or modify the ad *749 ministrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); Edwards v. Bunch, 07-1421 (La.App. 1 Cir. 3/26/08), 985 So.2d 149, 152.
On review of the district court’s judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme, Court to factual findings or legal conclusions of the court of appeal. Edwards, 985 So.2d at 152.

LAW AND DISCUSSION

Gilmer’s grievance lies with the legislation controlling the computation of his good time credit. Gilmer avers that at the time of his sentencing, his good time credit was computed pursuant to Act 376; however, the Louisiana State Legislature repealed Act 376 and enacted Act 138 in 1991, which Gilmer argues állowed “all offenders earning “Good Time” [to] prospectively earn 30 days for every 30 days | incarcerated.” Gilmer further contends that in 2010, the legislature enacted Act 649 “retroactive going back to 1992,” which he argues “allowed offenders to earn 35 days for every 30 days incarcerated.” Gil-mer argues that the DPSC has ignored the change in the law and has allowed “the Crime of Violence Act of 1992 (Act. 1015)” to govern his eligibility for good time credit. Gilmer contends that the statute governing violent crimes was enacted after his crime was committed and after his sentence was imposed and that to apply that statute to his sentence and eligibility for good time credit is a violation of ex post facto and equal protection, as he is “being treated differently from other similarly situated offenders.” .
Act 376
Prior to its repeal, La. R.S. 15:571.14 governed the computation of “good time” credit. As amended by 1988 La. Acts 376, § 1, La. R.S. 15:571.14 provided, in pertinent part:
Notwithstanding any other provision of this Part, inmates who meet the criteria of this Section may receive increased diminution of sentence for good behavior, hereinafter referred to as “good time.” The granting of this option shall be governed by the following provisions:
(1) The inmate must have been committed to the Department of Public Safety and Corrections.
(2) The inmate must be eligible to receive good time.
[[Image here]]
(6) No inmate shall receive more than thirty days of good time earned for each calendar month. ■ '
Act 138
The computation of “good time” credit is now governed by La. R.S. 15:571.3, which has been amended numerous times since its enactment. One such amendment to La. R.S. 15:571.3 was 1991 La. Acts 138, § 1. Act 138 provided that prisoners could earn thirty' days of good time for each thirty days served in actual custody, which meant prisoners could earn good time on jail credit. Section |⅛4 of Act 138 provided as follows: “Section 4. The *750 provisions of the Act shall become effective on January 1,1992, or thirty days after the effective date of the sentencing guidelines promulgated by the Louisiana Sentencing Commission, whichever is later.” The effective date of the sentencing guidelines promulgated by the Louisiana Sentencing Commission was January 1, 1992. Section 5 of said Act provided: “Section 5. The provisions of this Act shall apply only to persons sentenced on or after the effective date of this Act and shall apply prospectively only to the remaining portion of any sentence of any person serving a sentence or sentences on or after the effective date of this Act.” We note that Gilmer was sentenced on October 18, 1991. Act 138 did not become effective until January 1, 1992; thus, contrary to assertions made by Gilmer, Act 138 does not govern the computation of his good time credit.
Act 649
Another amendment to La. R.S. 15:571.3 was 2010 La. Acts 649, § 1. Act 649 amended La. R.S. 15:571.3(B)(l)(a) to provide that prisoners could earn thirty-five days of good time for every thirty days in actual custody. However, subparagraph (B)(1)(b), added by the same legislation, specified that the provisions of subpara-graph (a) were only applicable to persons convicted of offenses on or after January 1, 1992, and who were not serving a sentence for the following offenses: a sex offense as defined in La. R.S. 15:541; a crime of violence as defined in La. R.S. 14:2(B); any offense which would constitute a crime of violence as defined in La. R.S. 14:2(B); or a sex offense as defined in La. R.S. 15:541, regardless of the date of conviction. The legislature gave retroactive effect to Act 649, applying it to persons convicted of offenses on or after January 1, 1992, and who had not committed one of the enumerated certain offenses (including a crime of violence as defined in La. R.S. 14:2(B)).
|7Gilmer contends that La. R.S. 14:2(B), which defines his offenses of armed robbery and aggravated burglary as crimes of violence, was not in effect at the time he committed his crimes, nor at the time he was sentenced.[3] Gilmer argues that to apply La. R.S. 14:2(B) to his sentences as to prohibit Act 649 from governing the computation of his good time credit violates both the federal and state constitutions which prohibit the application of ex post facto laws and guarantees equal protection under the law.
We reiterate that Gilmer was sentenced on October 18, 1991. Despite the fact that La. R.S. 14:2(B) was not enacted at the time of his conviction, the law states that persons convicted of crimes of violence (now enumerated under La. R.S. 14:2(B)), regardless of the date of conviction, are not eligible for an increase of good time credit. Additionally, we note that despite his commission of crimes of violence, Act 649 would not govern the computation of Gilmer’s good time credit because he was sentenced prior to January 1, 1992, the effective date of Act 649.
Furthermore, there is no violation of Gilmer’s equal protection under the law. The equal protection clauses of the federal and our state constitution do not require absolute equality or precisely equal advantages. See Ross v. Moffitt, 417 U.S. 600, 612, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974); see also McCormick v. Hunt, 328 So.2d 140, 142 (La.1976). Furthermore, the award of good time is not a federal constitutional right but is a matter *751 of state law. State v. Hallal, 351 So.2d 97, 99 (La.1977). The Legislature has the authority to change the good time law without each change applying to all inmates. There is no suspect class or fundamental right alleged by Gilmer, nor is there any conceivable state interest in the disparate treatment.

CONCLUSION

IsAfter a thorough review of the record, in consideration of Gilmer’s arguments on appeal, and applying the relevant law and jurisprudence, we find no error of law or abuse of discretion by the district court in adopting, as its own, the commissioner’s report. Thus, we affirm the October 3, 2014 judgment of the district court and find that the district court’s reasons for judgment, as set forth in the commissioner’s recommendation, adequately explain the decision. We decline to assess costs in this pauper suit.
AFFIRMED.

. The record does not contain a copy of the initial grievance filed by Gilmer, but a copy of a Second Step complaint and a copy of the DPSC’s Second Step Response Form, denying Gilmer’s grievance, is included in the record,

. The office of commissioner of the Nineteenth Judicial District Court was created by La.R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La.R.S. 13:713(A). The district judge “may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.” La. R.S. 13:713(0(5); Abbott v. LeBlanc, 12-1476 (La.App. -1 Cir. 3/25/13), 115 So.3d 504, 505 n. 1.

. 1992 La. Acts 1015 § 1 amended La. R.S. 14:2 to add Section 2(13), the “crime of violence,” and a list of crimes of violence, which included aggravated burglary and armed robbery.