DRAKE, J,
On September 30, 2011, Robert Harrison, Jr. filed suit for damages against the State of Louisiana, through the Department of Public Safety and Corrections (DPSC). Harrison alleged the DPSC erroneously calculated his sentence term, causing him to be released from prison under parole supervision, instead of a full release. As a result of the., alleged improp *725 er sentence and release, Harrison claimed he sustained personal injuries.[1]
Harrison originally filed suit in the Nineteenth Judicial District Court in East Baton Rouge Parish. The DPSC excepted to Harrison’s petition for damages on the grounds that Iberville Parish, not East Baton Rouge Parish, was the proper venue for his suit for damages, pursuant to La. R.S. 15:1184(F).[2] On August 23, 2013, the district court sustained the DPSC’s declinatory exception raising the objection of improper venue and ordered that Harrison’s suit be transferred from the Nineteenth Judicial District Court in East Baton Rouge Parish to the Eighteenth Judicial District Court in Iberville Parish.
Following transfer of the suit to the Eighteenth Judicial District Court, the DPSC filed a declinatory exception raising the objection of insufficiency of service of process and a peremptory exception raising the objection of prescription. Harrison opposed the DPSC’s exceptions, and the district court took the matter under advisement. After reviewing the DPSC’s arguments and Harrison’s response, the district court sustained the DPSC’s objections of insufficiency of service of process and prescription on October 28, 2014.
On December 15, 2014, Harrison moved to reject the proposed judgment. On December 29, 2014, on its own motion, the district court set Harrison’s motion for contradictory hearing on Februaiy 4, 2015. Prior to the hearing, on January 6, 2015, the district court signed a-judgment sustaining the DPSC’s objections of insufficiency of service of process and prescription and dismissing Harrison’s claims against the DPSC, with prejudice. 'Thereafter, on February 4, 2015, the district court held a contradictory hearing on Harrison’s motion to reject the proposed judgment. The minute entry for this hearing indicates, that Harrison was not present; however “the notices were mailed to his last known address.” The district court granted the dismissal of the case.
On February 10, 2015, Harrison filed a motion to reconsider the ruling dismissing the contradictory hearing. Harrison stated that because of his confusion regarding the location of the courthouse, he missed the hearing, which resulted in the dismissal-of his claims against the DPSC. In a judgment signed February 23, 2015, the district court overruled Harrison’s opposition to the proposed judgment and confirmed the dismissal of Harrison’s claims against the state with prejudice. Harrison now appeals.[3]
*726 After a thorough review of the record, we find no error in the ruling of the district court.[4] The DPSC objected to the sufficiency of service of process as UHarrison failed to request service on the Louisiana Attorney General and the Office of Risk Management, in violation of La. R.S. 39:1538. Louisiana Revised Statutes 39.T538 provides that in actions for “[c]laims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury ... caused by the negligent or wrongful act or omission of any employee of the agency ... process shall be served upon the head of the department concerned, the office of risk management, and the attorney general.... ” In his petition for damages, Harrison only requested service on the Secretary of the DPSC, and did not request service on the Office of Risk Management or the Attorney General as required by La. R.S. 39:1538.
The DPSC further argued that Harrison’s claims had prescribed on October 15, 2008, one year after his alleged injury on October 15, 2007, when he was released under parole supervision. Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492. However, “[pjrescription is interrupted when ... the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.” La. C.C. art. 3462. Harrison’s cause of action for personal injuries arose on October 15, 2007, the date he was released under parole supervision. Harrison filed his petition for damages on September 30, 2011, more than one year after his injury occurred. Harrison’s original filing-in the Nineteenth Judicial Court, an improper venue, did not interrupt prescription because Harrison did not serve the DPSC within the one-year prescriptive period.
| ^Therefore, we affirm the judgment of the district court and issue this summary disposition in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.2(A)(2), (4), (5), and (6). We decline to assess costs in this pauper suit.[5]
AFFIRMED.

. We note that the record only contains the first and last page of Harrison’s petition for damages filed on September 30, 2011 — page 1 and page 5.

. Louisiana Revised Statutes 15:1184(F) provides that ”[t]he exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which, the prisoner was assigned when the cause of action arose. Upon consent of all parties, the court may transfer the suit to a parish in which venue would otherwise be proper.” Harrison’s cause of action for personal injuries arose on October 15, 2007, the date he was released under parole supervision. At the time of his release, Harrison was assigned to Elayn Hunt Correctional Center in St. Gabriel, Louisiana, Parish of Iberville. Accordingly, the DPSC argued that the exclusive venue for Harrison’s delictual action was Iberville Parish, not East Baton Rouge Parish,

.Harrison filed a notice of appeal, which' the district court granted. The DPSC then moved to dismiss the appeal, as Harrison had not paid appeal costs or requested an extension to ’ pay the costs, which Harrison opposed. 'Louisiana Revised Statutes 15:1186(B)(2)(a) provides that ”[t]he order granting a prisoner’s request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter *726 are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.” The DPSC’s motion was set for hearing on December 1, 2015. Prior to that date, the district court granted a thirty-day extension from October 8, 2015 to lodge the record. The record contains no minute entry or ruling indicating whether the December 1, 2015 hearing on the DPSC’s motion was held. We do note, however, that the deputy clerk of court for Iberville Parish certified that no appeal costs were due because Harrison is a pauper.

. As noted above, the record does not contain the entire petition. Nonetheless, on the record as it exists, we find no error. Moreover, Harrison, as the appellant, is charged with the responsibility of completeness of the record for appellate review, and the inadequacy of the record is imputable to him. See Luper v. Wal-Mart Stores, 2002-0806 (La.App. 1 Cir. 3/28/03), 844 So.2d 329, 333 n. 3.

. See Gilmer v. Louisiana Dept. of Pub. Safety & Corr., 2015-0134 (La.App. 1 Cir. 9/18/15), 181 So.3d 746, 751.