# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2023 CA 0549

## WESLEY SINCLAIR RICKS 499599

## VERSUS

## STATE OF LOUISIANA, LOUISIANA DEPARTMENT OF JUSTICE, LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS/VITAL RECORDS

Judgment Rendered: __NOV 0 3 2023__

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 721497

The Honorable Donald R. Johnson, Judge Presiding

| | |
|---|---|
| Wesley Ricks<br>Angola, Louisiana | Plaintiff/Appellant *Pro Se* |
| Elizabeth B. Desselle<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Louisiana Department of Public<br>Safety and Corrections |

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**MILLER, J.**

Wesley Sinclair Ricks appeals the district court's judgment dismissing his petition for judicial review, with prejudice. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Wesley Sinclair Ricks ("Ricks") is an offender in the legal custody of the Louisiana Department of Public Safety and Corrections ("the Department"). Ricks was convicted of five counts of aggravated rape and four counts of cruelty to juveniles. On April 8, 2014, he was sentenced to five life sentences, without the benefit of probation, parole, or suspension of sentence. He was also sentenced to four ten-year sentences.

On March 28, 2022, Ricks executed an Administrative Remedy Procedure ("ARP") complaint. Ricks contended that he was a prisoner at the Louisiana State Penitentiary; the Louisiana State Penitentiary did not have any indictment, information, or affidavit in its possession showing that Ricks was legally charged with any offense or crime under Louisiana law; any indictment, information, or affidavit pertaining to Ricks that was a result of fraud or forgery should be withdrawn; the administrative remedy procedure was proper; the Twentieth Judicial District Court ("20[th] JDC") had subject matter jurisdiction to grant the relief requested; and there was an error in his time computation. Ricks requested any indictment, information, affidavit, or documentary evidence that was fraudulent or forged to be furnished to him and requested a hearing before the 20th JDC. Ricks's ARP complaint was received by the Legal Programs Department on April 8, 2022, and it was assigned case number LSP-2022-0795 ("ARP No. LSP-2022-0795").

On May 4, 2022, a "First Step Response Form" was prepared by the "ARDC Specialist III" and signed by the "Unit Head." The form stated that Ricks filed an Administrative Remedy to request relief of his conviction from the 20th JDC but his conviction was obtained in the Fourth Judicial District Court ("4[th] JDC"). The form

2

concluded that there is no relief to be sought in the 20th JDC, so Ricks's request for relief was denied. On May 5, 2022, Ricks received the "First Step Response Form" regarding his request for remedy under ARP No. LSP-2022-0795. He indicated that he was not satisfied with the response and wished to proceed to Step Two. Ricks contended that the 4th JDC exceeded its jurisdiction and the 20th JDC has subject matter jurisdiction of the offenses charged. The Corrections Services Office received Ricks's request to proceed to Step Two on June 23, 2022. The "Second Step Response Form" indicated that Ricks's request was adequately addressed at the first step and his request for relief was denied.

On July 22, 2022, Ricks filed a petition for judicial review in the Nineteenth Judicial District Court ("19th JDC"). Ricks sought review of the Department's final decision under the Louisiana Corrections Administrative Remedy Procedure Act ("CARP"), La. R.S. 15:1171, *et seq.* Ricks argued that his custody was illegal because the State of Louisiana was without any affidavit, indictment, or information in its possession showing that Ricks was lawfully charged with any crime under Louisiana law, that he was subjected to "false imprisonment," and that he should be released from custody. Ricks demanded that the district court grant a writ of habeas corpus, review the State of Louisiana's evidence, permit Ricks to testify on the record, and order Ricks's release from custody.

On August 8, 2022, the district court issued a mandamus service order, which ordered the Department to file a response to Ricks's mandamus request. Thereafter, the Department filed an answer, which generally denied Ricks's allegations and

requested that Ricks's writ of mandamus to be dismissed.[1] The Department also filed the administrative record of ARP No. LSP-2022-0795 into the district court record.[2]

On February 9, 2023, the commissioner of the district court[3] issued its recommendation to dismiss Ricks's petition for judicial review, with prejudice, at Ricks's costs. The commissioner found that the district court had no authority or jurisdiction to overturn or vacate a presumably valid sentence imposed by a criminal sentencing court. After a *de novo* review of the entire record, together with any traversal timely filed, the district court adopted the recommendation of the commissioner and dismissed Ricks's petition for judicial review, with prejudice, at Ricks's costs. The judgment was signed by the district court on March 21, 2023. Ricks appealed. In his assignment of error, Ricks contends that the bill of indictment filed on January 24, 2013, along with his convictions and sentences resulting from the indictment, are null and void because the offenses of aggravated rape and cruelty to juveniles may not be joined under the Louisiana Code of Criminal Procedure.

---

[1] The caption of Ricks's petition for judicial review states that the defendants are the State of Louisiana, the Louisiana Department of Justice, and the Louisiana Department of Health and Hospitals/Vital Records. Within the petition for judicial review, Ricks listed John Bel Edwards, Governor of the State of Louisiana, and Jeffrey Landry, Attorney General for the State of Louisiana, as defendants. However, La. R.S. 15:1177(A)(1)(b) provides, in part, that the only proper party defendant is the Department of Public Safety and Corrections when seeking judicial review of an administrative decision, excluding decisions relative to delictual actions for injury or damages, rendered pursuant to any administrative remedy procedures under this Part. Therefore, the Louisiana Department of Public Safety and Corrections is the correct defendant in this case.

[2] Ricks made various filings into the 19th JDC record, including a motion to suppress, two motions for relief from the judgment, two motions for in camera inspection, two petitions for writ of habeas corpus, a motion for appointment of counsel, a motion to subpoena, three motions to compel discovery, a motion to alter or amend the judgment, two motions for speedy trial, a motion to transfer, motion for evidentiary hearing and order to produce, a motion to compel extradition, a special motion for enforcement order, a motion for more definite statement of answer, and a motion for writ of certiorari. The district court did not take any action on these filings, and the commissioner noted that these filings are more suited for an ordinary suit and not one for judicial review because the district court in its appellate review capacity does not subpoena witnesses or entertain evidence not contained in the administrative record.

[3] The office of the commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. Hakim-El-Mumit v. Stalder, 2003-2549 (La. App. 1st Cir. 10/29/04), 897 So. 2d 112, 113 n.1.

4

## LAW AND DISCUSSION

Louisiana Revised Statutes 15:1177 provides for judicial review of an adverse final administrative decision by the Department. Section 1171(B) grants authority to the Department and to each sheriff to adopt administrative remedy procedures in compliance with federal law to receive, hear, and dispose of all offender complaints and grievances. Louisiana Revised Statutes 15:1171(B) further provides, in pertinent part:

> Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows.

On review of the Department's decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5); Gilmer v. Louisiana Dept. of Public Safety & Corrections, 2015-0134 (La. App. 1st Cir. 9/18/15), 181 So. 3d 746, 748. The court may affirm the decision of the agency, remand the case for further proceedings, or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9).

On review of the district court's judgment under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Englade v. Louisiana Department of Corrections, 2021-0132 (La. App. 1st Cir. 12/30/21), 340 So. 3d 952, 957, writ denied, 2022-00209 (La. 4/12/22), 336 So. 3d 82.

Ricks's ARP complaint alleged that the State did not have an indictment legally charging him with five counts of aggravated rape and four counts of cruelty to juveniles.[4] On appeal, Ricks specifically contends that the offenses of aggravated rape and cruelty to juveniles were improperly joined, so the indictment, along with the convictions and sentences, are null and void. Ricks seeks to be released from custody due to the alleged error.

Based on our review of the record, we find no error in the district court's dismissal of Ricks's petition for judicial review. Regardless of whether Ricks's claims concerning the legality of his indictment, convictions, and sentences have merit, the 19th JDC lacked jurisdiction to grant Ricks the relief he sought. An objection to a misjoinder of offenses may be urged only by the filing of a motion to quash the indictment before commencement of the trial, not through an ARP complaint. See La. C.Cr.P. arts. 495 and 535. Additionally, Ricks is attempting to utilize the ARP to attack his convictions and the sentences imposed by the 4th JDC. However, it is well settled that prisoners may not use civil proceedings to collaterally attack previous criminal convictions. Straughter v. Louisiana Department of Public Safety & Corrections, 2017-0384 (La. App. 1st Cir. 11/1/17), 233 So. 3d 89, 91, writ denied, 2018-0187 (La. 2/11/19), 263 So. 3d 893. Further, while an illegal sentence

---

[4] We note that in his ARP complaint, Ricks concluded that there was an error in his time computation. Ricks stated, "Wherefore, the Administrative Remedy Procedure as there is an error in Wesley S. Ricks, 499599 time computation by abuse of process." While challenges to time computations must be pursued through CARP, Ricks did not further assert any time computation error in his petition for judicial review or in this appeal. See La. R.S. 15:1171(B).

6

may be corrected at any time, only the sentencing court itself or the appellate court having jurisdiction over the sentencing court have authority to do so.[5] La. C.Cr.P. art. 882(A); Stapleton v. Louisiana Dept. of Public Safety & Corrections, 2014-0633 (La. App. 1st Cir. 11/7/14), 2014 WL 5800569, *3 (unpublished). Since Ricks was convicted and sentenced in the 4th JDC, neither the 19th JDC nor this court have jurisdiction over Ricks's claims. See Campbell v. Louisiana Department of Public Safety and Corrections, 2017-1002 (La. App. 1st Cir. 2/16/18), 2018 WL 914304, *1 (unpublished), writ denied, 2018-0359 (La. 1/28/19), 262 So. 3d 900. Therefore, the district court did not err in dismissing Ricks's petition for judicial review. This assignment of error is without merit.

## CONCLUSION

For these reasons, the March 21, 2023 judgment by the Nineteenth Judicial District Court dismissing Wesley Sinclair Ricks's petition for judicial review, with prejudice, at Wesley Sinclair Ricks's cost, is affirmed. Costs of this appeal are assessed against Wesley Sinclair Ricks.[6]

**AFFIRMED.**

---

[5] A district court lacks authority to correct an illegal sentence on a petition for judicial review. Boddye v. LA. Dept. of Corrections, 2014-1836 (La. App. 1st Cir. 6/26/15), 175 So. 3d 437, 442, writ denied, 2015-1688 (La. 10/30/15), 180 So. 3d 303.

[6] Although Ricks filed his petition for judicial review in forma pauperis, because he was unsuccessful in obtaining the relief sought, costs may be assessed against him. Taplette v. Louisiana Department of Public Safety & Corrections, 2020-0818 (La. App. 1st Cir. 2/22/21), 321 So. 3d 425, 430, n.9.