WHIPPLE, J.
 

 |?This matter is before us on appeal by petitioner, Alvin Rochelle, an inmate in the custody of the Louisiana Department of Public Safety Corrections (“the DPSC”) housed at Hunt Correctional Center in St. Gabriel, Louisiana, from a judgment of the Nineteenth Judicial District Court, dismissing with prejudice his petition for judicial review of an adverse decision from the DPSC for failure to state a cause of action. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Petitioner filed an Administrative Remedy Procedure (“ARP”) contending that the DPSC unlawfully forfeited his credit for good time while on parole. The grievance was assigned ARP No. EHCC-2010-97. Therein, petitioner contended that because he was technically in the custody of the DPSC while on parole, he was entitled to credit for time served for good behavior while on parole even though his parole was eventually revoked. Petitioner was denied the relief sought at the first and second levels, and on May 12, 2010, he filed a petition for judicial review by the Nineteenth Judicial District Court, which was assigned number 590569.
 

 On May 24, 2010, the Commissioner issued a screening report, concluding therein that petitioner’s suit failed to state a cause of action. Specifically, the Commissioner noted that in accordance with LSA-R.S. 15:571.5, petitioner was seeking relief not available under the law,
 
 i.e.,
 
 credit for time served while at liberty under good time parole supervision.
 
 [1]
 
 The Commissioner further relied on
 
 Bancroft v. Louisiana Department of Corrections,
 
 93-1135 (La.App. 1st Cir. 4/8/94), 635 So.2d 738, 740, where this court held that parole and probation are “acts of grace” to the offender, and that a violation thereof has “consequences such as no entitlement to credit against the offender’s sentence for time spent on probation and/or parole.” Accordingly, the Commissioner noted, al
 
 *242
 
 though petitioner was correct in his contention that he was still technically in the custody of the DPSC while on parole, under
 
 Bancroft,
 
 he was not entitled to credit for the time he was on conditional release. Citing
 
 Bancroft,
 
 the Commissioner further observed that LSA-R.S. 15:571.5 A has, “at all pertinent times, herein, required that upon revocation, the parolee shall serve the remainder of his original sentence due as of the date of release ‘as if on parole.”
 

 On July 19, 2010, the district court signed a judgment adopting the Commissioner’s report and dismissed petitioner’s appeal with prejudice, without service on the DPSC, and at petitioner’s costs for failure to state a cause of action.
 

 DISCUSSION
 

 Although petitioner does not set forth any specific assignments of error, he argues in his brief on appeal that since the judgment of the district court was rendered on July 19, 2010, finding that his petition failed to state a cause of action, the legislature amended and reenacted LSA-R.S. 15:571.5(0, effective August 15, 2010, to provide for the earning of good time credit while on parole even where the parole is revoked for a violation of its terms. Petitioner further argues that pursuant to the amendment and reenactment of LSA-R.S. 15:571.5(0, petitioner “was serving his supervised release while being on [as if on parole] and that his original full term date should not have changed or extended in any way.”
 

 ^Louisiana Revised Statute 15:571.5(C) was amended by Acts 2010, No. 792, § 1, effective August 15, 2010,
 
 [2]
 
 to provide as follows:
 

 C. If such person’s parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term, subject to credit for time served for good behavior while on parole.
 

 (Emphasis added.)
 

 Nonetheless, in order for petitioner to be entitled to the relief sought on appeal, this court would be required to conclude the legislature intended for the above amendment to be applied retroactively.
 

 The legislature is free, within constitutional confines,
 
 [3]
 
 to give its enactments retroactive effect. Louisiana Revised Statute 1:2 provides that “[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated.” However, LSA-R.S. 1:2 has been construed as co-extensive with LSA-C.C. art. 6.
 
 St. Paul Fire & Marine Insurance Company v. Smith,
 
 609 So.2d 809, 816 (La.1992). Louisiana Civil Code article 6 codifies the general rule against retroactive application of legislative enactments,
 
 St. Paul Fire & Marine Insurance Company,
 
 609 So.2d at 816, and the exceptions jurisprudentially grafted thereupon, providing as follows:
 

 
 *243
 
 In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
 

 |sIn determining whether a newly enacted provision is to be applied prospectively only, or may also be retroactive, LSA-C.C. art. 6 requires a two-fold inquiry. First, the court must determine whether the amendment to the statute expresses legislative intent regarding retroactive or prospective application.
 
 Keith v. U.S. Fidelity & Guaranty Company,
 
 96-2075 (La.5/9/97), 694 So.2d 180, 183. Second, if no such intent is expressed, the court must determine whether the amendment is substantive, procedural, or interpretive.
 
 Keith v. U.S. Fidelity & Guaranty Company,
 
 694 So.2d at 183.
 

 In the instant case, Act 792 does not expressly provide for retroactive application, nor has the legislature expressly declared the Act to be interpretive or provided for an effective date that would be indicative of retroactive application of the amendments. Therefore, this court must determine and classify the enactment as either substantive, procedural, or interpretive.
 

 Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws.
 
 Keith v. U.S. Fidelity & Guaranty Company,
 
 694 So.2d at 183. Substantive laws either establish new rules, rights, and duties or change existing ones. Interpretive laws, on the other hand, do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its initial enactment. It is the original statute, not the interpretive one, that establishes the rights and duties.
 
 St. Paul Fire & Marine Insurance Company,
 
 609 So.2d at 817. When an existing law is
 

 not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retroactive effect because it does not change, but merely clarifies, preexisting law.
 
 St. Paul Fire & Marine Insurance Company,
 
 609 So.2d at 817.
 

 |fiAs noted by the Supreme Court, the suggested distinction between interpretive legislation “clarifying,” and substantive legislation “amending” or “changing,” existing law is an obscure one.
 
 Landry v. Baton Rouge Police Department,
 
 2008-2289 (La.App. 1st Cir. 5/8/09), 17 So.3d 991, 997. There is no bright line between substantive laws which change existing standards and interpretive laws which change existing standards by redefining and returning to their ostensible “original” meaning.
 
 St. Paul Fire & Marine Insurance Company,
 
 609 So.2d at 819.
 

 As pointed out by petitioner, prior to the amendment noted above, LSA-R.S. 15:571.5(C) did not provide that an offender would receive credit for time served for good behavior while on parole when his parole was subsequently revoked for violations thereof. In fact, until the 2010 amendment of LSA-R.S. 15:571.5(0, there was no such entitlement to credit against the offender’s sentence for time spent on probation and/or parole.
 
 See Bancroft v. Louisiana Department of Corrections,
 
 635 So.2d at 740. Thus, the amendment is clearly substantive in that it represents a distinct change in the rights and obligations of the parties by allowing credit for good time spent while on parole where no right had previously existed.
 
 See Landry v. Baton Rouge Police Department,
 
 17 So.3d at 998. Because a substantive change in the law cannot be applied retroactively, petitioner is not entitled to the relief he seeks on appeal.
 
 See
 
 LSA-C.C. art. 6 and LSA-R.S. 1:2. Thus, we find no merit to his arguments on appeal.
 

 
 *244
 
 Moreover, to the extent that petitioner purports to assert any constitutional challenges by his argument in brief that LSA-R.S. 15:571.5(C) impairs his “vested rights,” we note that this court has previously upheld the constitutionality and applicability of LSA-R.S. 15:571.5 under similar challenges.
 
 See Frederick v. Ieyoub,
 
 99-0616 (La.App. 1st Cir. 5/12/00), 762 |7So.2d 144,
 
 writ denied,
 
 2000-1811 (La.4/12/01), 789 So.2d 581; and
 
 Ferrington v. Louisiana Board of Parole,
 
 2003-2093 (La.App. 1st Cir. 6/25/04), 886 So.2d 455,
 
 writ denied,
 
 2004-2555 (La.6/24/05), 904 So.2d 741.
 

 Accordingly, on review herein, we find no error in the judgment of the district court dismissing his Rochelle’s for judicial review.
 

 CONCLUSION
 

 For the above and foregoing reasons, the July 19, 2010 judgment of the district court, adopting the Commissioner’s report, is hereby affirmed. Costs of this appeal are assessed to the petitioner, Alvin Rochelle.
 

 AFFIRMED.
 

 [1]
 

 . At all pertinent times in these proceedings, LSA-R.S. 15:571.5, entitled, "Supervision upon release after diminution of sentence for good behavior; conditions of release; revocation” provided, in part:
 

 C. If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term.
 

 [2]
 

 . Louisiana Revised Statute 15:574.9, entitled, "Revocation of parole for violation of condition; board panels; return to custody hearing; duration of reimprisonment and re-paróle after revocation; credit for time served; revocation for a technical violation,” was also amended by Act 792 to allow credit for time served for good behavior while on parole.
 

 [3]
 

 . Louisiana Constitution Article I, section 23 prohibits
 
 ex post facto
 
 laws and laws impairing obligations of contracts. Also, no law can be retroactively applied so as to divest a party of a vested right, as this would violate the due process clause of the state and federal constitutions. These constitutional issues, however, arise only when retroactive effect is given to a new law.
 
 St. Paul Fire & Marine Insurance Company v. Smith,
 
 609 So.2d 809, 816 n. 11 (La.1992).