# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

### 2019 CA 0105

### AND 2018 CW 1501

### DAX STRATTMAN

### VERSUS

### JAMES M. LeBLANC, SECRETARY LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

**Judgment Rendered:** SEP 2 7 2019

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C667309, Sec. 25

Honorable Wilson Fields, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Dax Strattman, D.O.C. #375671<br>Elaine Hunt Correction Center<br>St. Gabriel, Louisiana | Plaintiff/Appellant<br>In Proper Person |
| Jonathan R. Vining<br>Elizabeth B. Desselle<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>James M. LeBlanc, Secretary<br>Louisiana Department of Public<br>Safety and Corrections |

\* \* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

Holdridge J. loncurs

**McCLENDON, J.**

Petitioner, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (Department), appeals a judgment of the district court that dismissed his petition for judicial review with prejudice. Petitioner raised the same arguments in a related writ application, which has been assigned to this appellate panel. For the following reasons, we affirm the district court's judgment, and accordingly, deny the writ application.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner herein, Dax Strattman, pled guilty to the crime of extortion, a violation of LSA-R.S. 14:66, on April 25, 2016. The offense was committed on or between April 1 and April 29 of 2015. Strattman was sentenced to imprisonment at hard labor for a term of ten years. At that time, LSA-R.S. 14:2(B)(25) classified extortion as a crime of violence. As a violent offender, Strattman was eligible under LSA-R.S. 15:571.3(B)(2) to earn dimunition of his sentence, known as "good time," at a rate of three days for every seventeen days in actual custody.

Relevant to the matter at hand, Act 281 of the 2017 Regular Legislative Session ("Act 281") repealed LSA-R.S. 14:2(B)(25), removing extortion from the list of violent crimes set forth in LSA-R.S. 14:2(B). *See* 2017 La. Acts, No. 281, § 3 (eff. Aug. 1, 2017). Act 281 was silent with respect to retroactive application. Also bearing on this matter, Act 280 of the 2017 Regular Legislative Session ("Act 280"), amending LSA-R.S. 15:571.3(B), amended the good time rate for non-violent crimes to thirteen days for every seven days in actual custody and provided that this change is applicable to non-violent offenders convicted on or after January 1, 1992. *See* 2017 La. Acts, No. 280, §§ 3-4 (eff. Nov. 1, 2017).

On August 7, 2017, Strattman filed a request for relief, assigned ARP No. HDQ-2017-2091, under the Louisiana Corrections Administrative Remedy Procedure Act (CARP), LSA-R.S. 15:1171, *et seq.* Strattman sought relief pursuant to Act 281, arguing that the repeal of LSA-R.S. 14:2(B)(25) operates retroactively, such that he is no longer a violent offender subject to the good time calculation of three days for every seventeen days. Rather, Strattman argued that he is now eligible to benefit from the

2

good time calculation applicable to non-violent offenders as set forth in LSA-R.S. 15:571.3(B)(1)(a) and (b)(ii). The Department denied Strattman relief.

On March 16, 2018, Strattman filed a petition for judicial review in the Nineteenth Judicial District Court ("19th JDC"). The 19th JDC Commissioner ("Commissioner") issued a recommendation that the Department's decision be affirmed.[1] After considering the entire record and Strattman's traversal, the district court executed a September 17, 2018 judgment in which it adopted the Commissioner's report as reasons, affirmed the Department's decision to deny relief in ARP No. HDQ-2017-2091, and dismissed the suit with prejudice. Strattman filed a notice of intent to seek writs on October 17, 2018, and filed a motion and order for appeal on December 20, 2018.[2] The writ application, which was assigned No. 2018 CW 1501, was referred to the panel to which the appeal was assigned on February 15, 2019. As Strattman raises the same arguments in the writ and appeal, we consider and address those arguments in tandem herein.

## STANDARD OF REVIEW

Enacted in 1985, CARP authorized the DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. LSA-R.S. 15:1171-72; **Gilmer v. Louisiana Dep't of Pub. Safety & Corr.**, 2015-0134 (La. App. 1 Cir. 9/18/15), 181 So.3d 746, 748. As provided in CARP, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. LSA-R.S. 15:1177(A). On review of the agency's decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. LSA-R.S. 15:1177(A)(5). The court may affirm the decision of the

---

[1] The office of Commissioner of the 19th JDC was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(C)(5); see **Martinez v. Tanner**, 2011-0692 (La. App. 1 Cir. 11/9/11), 79 So.3d 1082, 1084 n.3, writ denied, 2011-2732 (La. 7/27/12), 93 So.3d 597.

[2] The district court granted the motion and order of appeal on January 3, 2019, and set a return date of February 2, 2019.

3

agency or remand the case for further proceedings or order that additional evidence be taken. LSA-R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9); **Edwards v. Bunch**, 2007-1421 (La. App. 1 Cir. 3/26/08), 985 So.2d 149, 152.

On review of the district court's judgment in a suit for judicial review under LSA-R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **Edwards**, 985 So.2d at 152.

## LAW AND DISCUSSION

The sole issue on appeal is the retroactivity of Act 281's repeal of LSA-R.S. 14:2(B)(25). Strattman argues that Act 281 and LSA-R.S. 14:2 are both interpretive in nature, and accordingly, apply retroactively. Strattman reasons that Act 281 "contracts the 'crime of violence' definition to exclude extortion," and thereby clarifies, rather than changes, the definition of the term "crime of violence." Strattman further contends that LSA-R.S. 14:2 does not establish rights or duties because its sole function is to "provide definitions." Strattman therefore concludes that "[a]ny change in how Strattman's sentence is computed under the good time statute because of the retroactive application of the repeal of extortion from the 'crime of violence' definition would be merely an outlying, ancillary effect."

In order for petitioner to be entitled to the relief sought on appeal, this court would be required to conclude the legislature intended for Act 281 to be applied retroactively. *See* **Rochelle v. LeBlanc**, 2010-1901 (La. App. 1 Cir. 5/6/11), 65 So.3d 240, 243. Louisiana Civil Code Article 6 provides that "[i]n the absence of contrary

4

legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." Louisiana Revised Statutes 1:2 provides that "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated."

Although LSA-R.S. 1:2 appears to conflict with LSA-C.C. art. 6, La. R.S. 1:2 has been limited to apply only to substantive and not procedural or interpretive legislation. Therefore, the two provisions are generally construed as being co-extensive. **Morial v. Smith & Wesson Corp.**, 2000-1132 (La. 4/3/01), 785 So.2d 1, 10, cert. denied, 534 U.S. 951, 122 S.Ct. 346, 347, 151 L.Ed.2d 262 (2001). In determining whether a newly enacted provision is to be applied prospectively only, or may also be retroactive, LSA-C.C. art. 6 requires a two-fold inquiry. **Rochelle**, 65 So.3d at 243. First, the court must determine whether the amendment to the statute expresses legislative intent regarding retroactive or prospective application. Second, if no such intent is expressed, the court must determine whether the amendment is substantive, procedural, or interpretive. *Id.* Notwithstanding this analysis, even where the legislature has expressed its intent to give a law retroactive effect, that law must stay within constitutional confines. **Thomas v. A. Wilbert & Sons, LLC**, 2015-0928 (La. App. 1 Cir. 2/10/17), 217 So.3d 368, 398, writ denied, 2017-0952 (La. 11/13/17), 229 So.3d 478, and writ denied, 2017-0967 (La. 11/13/17), 230 So.3d 204.

Act 281 does not expressly provide for retroactive application, nor has the legislature expressly declared that the act is interpretive or provided for an effective date that would be indicative of retroactive application of the amendment. *See* **State Farm Mut. Auto. Ins. Co. v. Noyes**, 2002-1876 (La. App. 1 Cir. 2/23/04), 872 So.2d 1133, 1138. Therefore, this court must classify the enactment as either substantive, procedural, or interpretive. *Id.* at 1138-1139.

Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws. **Rochelle**, 65 So.3d at 243. Substantive laws either establish new rules, rights, and duties or change existing ones. Interpretive laws, on the other hand, do not create new rules, but merely establish the meaning that the interpretive statute had from the time

5

of its initial enactment. It is the original statute, not the interpretive one, that establishes the rights and duties. When an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retroactive effect because it does not change, but merely clarifies, pre-existing law. The suggested distinction between interpretive legislation "clarifying," and substantive legislation "amending" or "changing," existing law is an obscure one. **Rochelle v. LeBlanc**, 65 So.3d at 243. There is no bright line between substantive laws which change existing standards and interpretive laws which change existing standards by redefining and returning to their ostensible "original" meaning. *Id.*

Prior to Act 281, LSA-R.S. 14:2(B)(25) provided that extortion was a crime of violence. Thus, an offender convicted of extortion was eligible for good time at a rate of three days for every seventeen days in actual custody under LSA-R.S. 15:571.3(B)(2)(a). This mandated such an offender serve "17/20 of his sentence, or 85%." **Jarrell v. Morris**, 2009-1289 (La. App. 1 Cir. 2/12/10), 2010 WL 502996, at *1 (unpublished opinion), <u>writ denied</u>, 2010-0612 (La. 3/25/11), 61 So.3d 654.

Following Act 281, extortion is no longer a crime of violence. Therefore, an offender convicted of extortion is eligible for good time at a rate of thirteen days for every seven days in actual custody as set forth in LSA-R.S. 15:571.3(B)(1)(a). Stated another way, an offender convicted of extortion is now mandated to serve 35% of his sentence. Thus, the amendment is clearly substantive in that it represents a distinct change in the rights and obligations of the parties by allowing credit for good time subject to a different calculation. Because a substantive change in the law cannot be applied retroactively, Strattman is not entitled to the relief he seeks on appeal. *See* LSA-C.C. art. 6 and LSA-R.S. 1:2. Thus, we find no merit to his arguments on appeal.

We find this conclusion further supported by the provision in Act 280 explicitly stating that the change in the good time rate for non-violent offenders "shall be applicable to offenders convicted of offenses on or after January 1, 1992." LSA-R.S. 15:571.3(B)(1)(b). The legislature is presumed to act deliberately and with full knowledge of existing laws on the same subject, with awareness of court cases and

6

well-established principles of statutory construction, and with knowledge of the effect of their acts and a purpose in view. **Hunter v. Morton's Seafood Rest. & Catering**, 2008-1667 (La. 3/17/09), 6 So.3d 152, 155. When enacting Act 281, if the legislature intended for the repeal of LSA-R.S. 14:2(B)(25) to be applied retroactively, the legislature would have so provided.

Moreover, to the extent that Strattman purports to assert any constitutional challenges by his argument in brief, we note that this court has previously upheld the constitutionality and applicability of LSA-R.S. 15:571.3 under similar challenges. *See* **Gilmer**, 181 So.3d at 750-51.

Accordingly, on review herein, we find no error in the judgment of the district court dismissing Strattman's petition for judicial review.

## CONCLUSION

For the above and foregoing reasons, the September 17, 2018 judgment of the district court, adopting the Commissioner's report, is hereby affirmed. The writ application is denied. Costs of this appeal are assessed to the petitioner, Dax Strattman.

**AFFIRMED; WRIT DENIED.**

7