# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2024 CA 0263 AND 2023 CW 1310

## TROY PARRIA

## VERSUS

## LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION

Judgment Rendered: _____NOV 1 3 2024_____

* * * * *

On Appeal from the
32nd Judicial District Court
Parish of Terrebonne, State of Louisiana
Trial Court No. 192552

The Honorable Jason A. Dagate, Judge Presiding

* * * * *

| | |
|---|---|
| David W. Ardoin<br>Preston L. Hayes<br>Matthew D. Ory<br>Ryan P. Monsour<br>Thibodaux, Louisiana | Attorneys for Plaintiff-Appellant,<br>Troy Parria |
| Sidney W. Degan, III<br>Keith A. Kornman<br>Genevieve K. Jacques<br>Travis L. Bourgeois<br>Candace C. Chauvin<br>New Orleans, Louisiana | Attorneys for Defendant-Appellee,<br>Louisiana Citizens Property Ins. Corp. |

* * * * *

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

Miller, J dissents w/ reasons

**WOLFE, J.**

This case involves the purely legal issue of whether the Legislature's amendment of La. R.S. 22:1892(H) by 2023 La. Acts, No. 290, effective August 1, 2023 (Act 290), was properly interpreted by the district court to be a procedural change that applied retroactively, thereby eliminating any class action for damages, including penalties, against the Louisiana Citizens Property Insurance Corporation (LCPIC). The same issue was raised in a related writ application, which has been referred to this appellate panel. For the following reasons, we affirm the district court's judgment, and accordingly, deny the writ application as moot.

## FACTS AND PROCEDURAL BACKGROUND

Hurricane Ida damaged Troy Parria's property on August 29, 2021. He notified his property insurer, LCPIC,[1] of the damage on September 13, 2021. The property, located in Houma, Louisiana, was subsequently inspected on September 28, 2021, and LCPIC tendered the undisputed amount of $46,911.22 to Mr. Parria on November 18, 2021. On December 14, 2021, Mr. Parria filed a Petition for Damages and Recognition as a Class Action against LCPIC in the Thirty-Second Judicial District Court. Mr. Parria alleged that LCPIC owed bad faith penalties because it failed to reasonably and timely pay insurance claims caused by Hurricane Ida within thirty days after receipt of satisfactory proof of loss, as required by La. R.S. 22:1892(A)(4) and (B)(1)(a), and pursuant to insurance policies purchased by himself and others.

After almost two years of litigation, Mr. Parria filed a motion for class certification on July 27, 2023; however, to this date the class has not been certified. LCPIC responded to the motion by filing a peremptory exception raising the

---

[1] LCPIC is a public, non-profit corporation created by statute and is a political instrumentality of the state. See La. R.S. 22:2291 et seq. LCPIC operates residual market insurance programs for the State of Louisiana and is the insurer of last resort. See **Ansardi v. Louisiana Citizens Property Ins. Corp.**, 2011-1717 (La. App. 4th Cir. 3/1/13), 111 So.3d 460, 464, writs denied, 2013-0698, 2013-0697 (La. 5/17/13), 118 So.3d 380.

objection of improper use of class action procedure, as well as several motions requesting that the district court strike and/or dismiss all purported class action allegations and a motion for judgment on the pleadings. After a hearing on LCPIC's motions and exception, the district court signed a judgment on November 14, 2023, in favor of LCPIC, sustaining the exception of improper use of class action procedure, striking the purported class action allegations from the pleadings, and dismissing all class action allegations made by Mr. Parria against LCPIC with prejudice. Mr. Parria's individual claim for damages against LCPIC was not dismissed. The judgment was designated as a partial final judgment under La. Code Civ. P. art. 1915.

LCPIC's exception of improper use of class action procedure and the district court's ruling were based on Act 290, passed by the Legislature in June 2023 as an amendment to La. R.S. 22:1892(H),[2] which effectively eliminated any basis for a class action against LCPIC, providing:

> The Louisiana Insurance Guaranty Association, as provided in [La.] R.S. 22:2051 *et seq.*, and the **Louisiana Citizens Property Insurance Corporation [LCPIC], as provided in [La.] R.S. 22:2291 *et seq.*, shall not be subject to the provisions of Code of Civil Procedure Article 591 *et seq.*, or any other provision allowing a class action, for any damages including any penalties awarded** pursuant to the provisions of this Section. [Emphasis added.]

There is no effective date specifically mentioned in the language of Act 290; accordingly, it became effective on August 1, 2023 pursuant to La. Const. Art. 3, § 19. In oral reasons given at the October 17, 2023 hearing on the exception, the district court determined that because a class action is a procedural device, the amendment to La. R.S. 22:1892(H) eliminating class actions against LCPIC was

---

[2] Louisiana Revised Statute 22:1892(H) was amended again in May 2024 by 2024 La. Acts, No. 3, effective July 1, 2024, to add a sentence at the end of section H: "The Louisiana Insurance Guaranty Association, as provided in [La.] R.S. 22:2051 *et seq.*, shall also not be liable for any special damages or penalties provided for in this Section." The 2024 amendment is not at issue in this appeal.

3

procedural and therefore, Act 290 applies retroactively as well as prospectively. The district court also found that not allowing Mr. Parria to proceed under class action procedure did not deprive him or any other person of any substantive rights, because they still have a right to proceed individually against LCPIC for their respective claims. Mr. Parria challenges the district court's ruling on appeal.[3]

## LAW AND ANALYSIS

The sole issue on appeal is the retroactivity of Act 290's elimination of class actions against LCPIC. Mr. Parria argues that Act 290 was intended to be applied prospectively because it is substantive in nature and his right to pursue his remedies via a class action against LCPIC was vested at the time he filed suit. He further asserts that while the amendment to La. R.S. 22:1892(H) did not provide a specific effective date, the presumptive effective date was August 1, 2023. The issue of whether an amendment to a law is to be applied prospectively or retroactively presents a legal question, which appellate courts review *de novo* to simply determine whether the district court was legally correct or legally incorrect without deference to the legal conclusions of the lower court. See **Jackson v. BASF Corp.**, 2004-2777 (La. App. 1st Cir. 11/4/05), 927 So.2d 412, 415, writ denied, 2005-2444 (La. 3/24/06), 925 So.2d 1231.

Initially, we note that if the effective date is not specifically set forth in the legislative act, then the effective date is provided for in La. Const. art. 3, § 19, and depends on whether the law was enacted during a regular session or an extraordinary session of the legislature. Since Act 290 was enacted during a regular session and did not specify an earlier or later effective date, it took effect on August 1, 2023.

---

[3] Mr. Parria filed an application for a supervisory writ and moved for a devolutive appeal concerning the November 14, 2023 judgment. The district court granted both. Because this matter is properly reviewable on appeal and a motion for an appeal was granted, the supervisory writ, designated 2023 CW 1310, was referred to this appellate panel on March 22, 2024, to consider along with the merits of the appeal. The issue is the same in the writ application and in the appeal. Therefore, we deny the writ as moot and decide the issue on appeal.

However, the fixing of an effective date determines when the prospective effect of a law commences, but does not equate to a "legislative expression" of retroactivity. See **Wooley v. AmCare Health Plans of Louisiana, Inc.**, 2005-2025 (La. App. 1st Cir. 10/25/06), 944 So.2d 668, 672. The Legislature is free, within constitutional confines, to give its enactments retroactive effect. Retroactive application of new legislation is constitutionally permissible only if it does not result in impairment of the obligations of contracts or in divestiture of vested rights. **Id.**

To determine whether a newly enacted or amended law may be applied retroactively, courts are guided by a two-step analysis outlined in La. Civ. Code art. 6, which provides: "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." Since Act 290 contains no legislative expression as to how it is to be applied, this court must classify the enactment as substantive, procedural, or interpretive.[4] Substantive laws either establish new rules, rights, and duties or change existing ones. Procedural laws prescribe a method or a remedy for enforcing, processing, administering, or determining a previously existing substantive right, liability or status, and relate to the form of the proceeding or the operation of the laws. Interpretive laws, on the other hand, do not create new rules, but merely establish the meaning that the interpreted law had from the time of its enactment. It is the original statute, not the interpretive one that establishes the rights and duties. **Wooley**, 944 So.2d at 672-673. See also **Landry v. Baton Rouge Police Dept.**, 2008-2289 (La. App. 1st Cir. 5/8/09), 17 So.3d 991, 997; and **Davis v. St.**

---

[4] Statutory interpretation and the construction to be given to legislative acts is a matter of law and rests with the judicial branch of government. **Bourgeois v. A.P. Green Industries, Inc.**, 2000-1528 (La. 4/3/01), 783 So.2d 1251, 1260. A statute related to La. Civ. Code art. 6 is La. R.S. 1:2, which provides: "No Section of the Revised Statutes is retroactive unless it is expressly so stated." However, jurisprudence has consistently construed the two provisions as being co-extensive, with La. R.S. 1:2 being limited to apply only to substantive legislation. **Id.** at 1257 n. 6.

5

**Francisville Country Manor, LLC**, 2005-0072 (La. App. 1st Cir. 2/10/06), 928 So.2d 549, 555, writs denied, 2006-0604 (La. 5/26/06), 930 So.2d 25; 2007-0481 (La 4/27/07), 955 So.2d 699.

Act 290 clearly amends the law; it does not interpret it. Thus, the final question is whether Act 290 is substantive or procedural. Simply stated, did Act 290 effect a change in substance (a new right, new obligation, or new duty) or a change in procedure (a remedy for a previously existing obligation)? Act 290 amended and enacted a new provision in La. R.S. 22:1892(H) to eliminate class action *procedures* for any damages including penalties against LCPIC. Thus, Act 290 merely eliminates any procedural basis for anyone to pursue a class action against LCPIC.

It is well-settled that a class action is nothing more than a procedural device that does not confer any substantive rights upon parties. See **St. Martin v. State**, 2009-0935 (La. 12/1/09), 25 So.3d 736, 741. See also **Doe v. University Healthcare Systems, L.L.C.**, 2013-1457 (La. App. 4th Cir. 7/9/14), 145 So.3d 557, 565. In Louisiana, the class action certification procedure is governed by La. Code Civ. P. arts. 591-597. As a procedural mechanism that does not speak to the merits of the claims, a class action affords a method of efficiently and economically managing a large number of claims in which common issues predominate over individual claims. **St. Martin**, 25 So.3d at 741. Moreover, the purpose and intent of the nontraditional class action litigation procedure is to adjudicate and obtain *res judicata* effect on all common issues applicable not only to persons who bring the action, but also to all others who are similarly situated. **Dupree v. Lafayette Ins. Co.**, 2009-2602 (La. 11/30/10), 51 So.3d 673, 679. See also **Allen v. Edwards**, 2019-0125 (La. App. 1st Cir. 3/12/21), 322 So.3d 800, 807, writ denied, 2021-00502 (La. 6/22/21), 318 So.3d 705.

Because there is no vested right in any given mode of procedure, Act 290 effected a *procedural* change in the law and, pursuant to La. Civ. Code art. 6, it

6

applies retroactively and prospectively. See **Wooley**, 944 So.2d at 674. See also **Sawicki v. K/S Stavanger Prince**, 2001-0528 (La. 12/7/01), 802 So.2d 598, 604-605. Conversely, Mr. Parria's vested property right in his personal claim for damages against LCPIC has not been retroactively divested. See **Davis**, 928 So.2d at 555 (a party's cause of action accrues – is vested – at the time of injury, and statutes enacted or amended after the acquisition of such a vested property right cannot be retroactively applied). See also **Church Mut. Ins. Co. v. Dardar**, 2013-2351 (La. 5/7/14), 145 So.3d 271, 281 (a cause of action accrues when a party has the right to sue). Accordingly, Mr. Parria's vested rights are intact and we find no merit to his arguments. We conclude that Mr. Parria is not entitled to the relief he seeks on appeal. The district court's decision was legally correct.

## CONCLUSION

For the assigned reasons, the November 14, 2023 judgment of the district court is affirmed. The writ application is denied as moot. Costs of this appeal are assessed to Troy Parria.

**AFFIRMED; WRIT DENIED AS MOOT.**

7

TROY PARRIA

VERSUS

LOUISIANA CITIZENS
PROPERTY INSURANCE
CORPORATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2024 CA 0263



MILLER, J., dissenting.

I am unable to join the majority in concluding the amendment to La. R.S. 22:1892 by 2023 La. Acts, No. 290 ("Act 290"), should be applied retroactively to bar this nascent class action involving Hurricane Ida insurance claims. Therefore, I respectfully dissent.

Act 290 amended and reenacted La. R.S. 22:1892 to add Section H[1], which prevents insured Louisiana property owners from joining together in a class action to seek relief from the Louisiana Insurance Guaranty Association ("LIGA") and the Louisiana Citizens Property Insurance Corporation ("Citizens").[2] Retroactive application of this amendment would bar numerous, easily identifiable, insured Louisiana property owners from acting as a class to pursue their bad faith Hurricane Ida claims. The Act became effective on August 1, 2023, almost two years after Hurricane Ida made landfall and caused catastrophic damage to Southeast Louisiana, especially within Terrebonne and Lafourche Parishes. Considering the short time frame implicated between the storm and the passage of the Act, and knowing of no other pending class actions reliant upon today's ruling, it appears that only those

---

[1] La. R.S. 22:1892(H) provides:

The Louisiana Insurance Guaranty Association, as provided in R.S. 22:2051 et seq., and the Louisiana Citizens Property Insurance Corporation, as provided in R.S. 22:2291 et seq., shall not be subject to the provisions of Code of Civil Procedure Article 591 et seq., or any other provision allowing a class action, for any damages including any penalties awarded pursuant to the provisions of this Section.

[2] Act 290 also provides that Citizens and LIGA are no longer liable for penalties for breach of their duty of good faith and fair dealing imposed by La. R.S. 22:1973. Louisiana Revised Statutes 22:1973 provides that the insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both.

1

who suffered loss from Hurricane Ida, while insured through Citizens, will be directly impacted by today's decision.

In this appeal, Mr. Parria alleges Citizens owes bad faith penalties because it failed to reasonably and timely pay insurance claims within thirty days after receipt of satisfactory proof of loss to himself and others. Whether or not the evidence would support class certification under La. C.C.P. art. 591, *et seq.*, was not decided by the trial court. Had the trial court found that class certification was improper, there would be no need to answer the retroactivity question. The issue of retroactivity becomes germane only where the class certification criteria are met. Thus, I must assume, without deciding, that the class action criteria are met for the purpose of analyzing the issue before us.

A class action is a nontraditional litigation procedure that permits a representative with typical claims to sue or defend on behalf of, and stand in judgment for, a class of similarly situated persons when the question is one of common interest to persons so numerous as to make it impracticable to bring them all before the court.[3] Baker v. PHC-Minden, L.P., 2014-2243 (La. 5/5/15), 167 So. 3d 528, 537. Assuming the class action criteria are met, barring class certification would make it impracticable to bring claims individually and would detract from the goal of effectuating substantive law, judicial efficiency, and individual fairness. See McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So. 2d 612, 618 (La. 1984). It would further serve as an inferior method of resolving the controversy. Considering that these claims often involve damage to, or destruction of, the policyholder's home, one might question the alacrity with which such disadvantaged

---

[3] Plaintiffs are required to prove five prerequisites, namely numerosity, commonality, typicality, adequacy of the representative parties, and objectively definable class. La. C.C.P. art. 591(A). Likewise, they are required to prove that questions of law or fact common to the members of the class predominate over individual issues and that a class action is superior to any other method available for the fair and efficient adjudication of the controversy. La. C.C.P. art. 591(B)(3); Baker, 167 So. 3d at 539.

2

individuals will be able to separately defend their rights. It would certainly make it substantially more difficult to bring claims, with many claims likely to die on the vine.

The legislature is free, within constitutional confines, to give its enactments retroactive effect. Louisiana Revised Statutes 1:2 provides that "No Section of the Revised Statutes is retroactive unless it is expressly so stated." Moreover, La. C.C. art. 6 mandates that "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." Louisiana Revised Statutes 1:2 has been construed as co-extensive with La. C.C. art. 6. See Rochelle v. LeBlanc, 2010-1901 (La. App. 1st Cir. 5/6/11), 65 So. 3d 240, 242.

In determining whether a newly enacted provision is applied prospectively only or retroactively, La. C.C. art. 6 requires a two-fold inquiry. First, the court must determine whether the amendment to the statute expresses legislative intent regarding retroactive or prospective application. As the majority points out, in passing Act 290, the legislature did not expressly state that the amendment is retroactive. Second, if no such intent is expressed, the court must determine whether the amendment is substantive, procedural, or interpretive. Rochelle, 65 So. 3d at 243. As the majority concludes, the amendment is not interpretive. In choosing between procedural and substantive, the majority determines that the amendment is procedural. In doing so, the majority relies on St. Martin v. State, 2009-0935 (La. 12/1/09), 25 So. 3d 736, and Doe v. University Healthcare Systems, LLC, 2013-1457 (La. App. 4th Cir. 7/9/14), 145 So. 3d 557, which note that a class action is a procedural device. From this determination, the majority then reaches the conclusion that the amendments to the class action statute are retroactive.

3

While Louisiana jurisprudence defines class action law as nontraditional, there is little indication under the law as to the effect this distinction may have on our retroactivity analysis. See Ford v. Murphy Oil U.S.A., Inc., 96-2913 (La. 9/9/97), 703 So. 2d 542, 544. I am aware of no case law, and the parties have supplied none in brief, that support retroactive application of an amendment to the class action statute.

Mindful of the unique nature of class action suits, to determine Act 290's application, I first look to civilian theory. Accordingly, the principle of non-retroactivity of existing legislation admits three exceptions: laws that suppress or lessen penalties; laws that are merely interpretive of existing legislation; and laws that the legislature has expressly or impliedly declared to be retroactive. See Bienvenu v. Defendant 1, 2023-01194 (La. 6/12/24), 386 So. 3d 280, 288 1; M. Planiol, Civil Law Treatise Nos. 249-252 (La. St. L. Inst. Transl. 1959); A. Yiannopoulos, Louisiana Civil Law System 68 (1977). None of these exceptions apply herein. Thus, relying on traditional civilian precepts, Act 290 is not retroactive.

Further, although the majority classified the amendment as procedural, our analysis should not end there, and retroactive application is not inevitable. When a party acquires a right to pursue a cause of action or to defend himself against one, that right becomes a vested property right and is protected by due process guarantees. Prejean v. Dixie Lloyds Insurance Company, 94-2979 (La. 9/15/95), 660 So. 2d 836, 837. Thus, retroactive application of new legislation is constitutionally permissible only if it does not result in the impairment of the obligation of contracts or in divesture of vested rights. Bourgeois v. A.P. Green Industries, Inc., 2000-1528 (La. 4/3/01), 783 So. 2d 1251, 1258 (quoting A. Yiannopoulos, Louisiana Civil Law Treatise 10 (3d ed. 1991)). The same is true even where the Legislature has expressed its intent to give a law retroactive effect – that law may not be applied retroactively if it would impair contractual obligations or disturb vested rights. See

4

M.J. Farms, Ltd. v. Exxon Mobil Corporation, 2007-2371 (La. 7/1/08), 998 So. 2d 16, 30. Although amendments to procedural laws are generally applied retroactively, again, they are not retroactively applied if doing so would unconstitutionally disturb vested rights.[4] See Lott v. Haley, 370 So. 2d 521, 523 (La. 1979). Louisiana courts have examined the contours of this consistently applied and well-settled exception.

First, in Lott, 370 So. 2d 521, an amendment to La. R.S. 9:5628, which established that medical malpractice claims were subject to a one-year prescriptive period, shortened the open-ended time limit for filing a medical malpractice suit. While prescriptive periods are generally applied retroactively, the supreme court concluded that La. R.S. 9:5628 could not be retroactively applied because to do so would have divested the plaintiff of his vested right in his cause of action and it did not provide a reasonable period following the enactment to assert his claim. I note that Lott does not speak in absolute terms. Instead, the court considered "reasonableness" in its analysis.

Next, in Johnson v. Fournet, 387 So. 2d 1336 (La. Ct. App. 1980), the appellate court found that a new shorter prescriptive period for uninsured motorist

---

[4] Drawing a distinction between procedural and substantive laws does not answer the ultimate question before us. The effect of this characterization must still be determined. See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010), Stevens, J. concurring:

> "The line between procedural and substantive law is hazy," Erie R. Co. v. Tompkins, 304 U.S. 64, 92, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) (Reed, J., concurring), and matters of procedure and matters of substance are not "mutually exclusive categories with easily ascertainable contents," Sibbach v. Wilson & Co., 312 U.S. 1, 17, 61 S. Ct. 422, 428, 85 L. Ed. 479 (1941) (Frankfurter, J., dissenting). Rather, "[r]ules which lawyers call procedural do not always exhaust their effect by regulating procedure," Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 555, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949), and in some situations, "procedure and substance are so interwoven that rational separation becomes well-nigh impossible," Cohen, 337 U.S. at 559, 69 S. Ct. at 1231 (Rutledge, J., dissenting). A "state procedural rule, though undeniably 'procedural' in the ordinary sense of the term," may exist "to influence substantive outcomes," S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist., 60 F. 3d 305, 310 (7th Cir. 1995), and may in some instances become so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy. **Such laws, for example, may be seemingly procedural rules that make it significantly more difficult to bring or to prove a claim, thus serving to limit the scope of that claim.**

Shady Grove, 559 U.S. at 419-20, 130 S. Ct. at 1450. (Emphasis added).

claims could not be retroactively applied so as to divest the Johnsons of their vested rights in their cause of action.

Third, in State v. All Property and Casualty Insurance Carries Authorized and Licensed to do Business in the State of Louisiana, 2006-2030 (La. 8/25/06), 937 So. 2d 313, a hurricane related case, the supreme court examined statutes that extended the prescriptive period within which citizens could file certain claims under their insurance policies for losses occasioned by Hurricanes Katrina and Rita. The court found that while the legislature intended to apply substantive amendments retroactively, and although contractual obligations may be substantially impaired, the court sanctioned retroactive application, as the measures taken by the legislature were appropriate and reasonable in order to protect the rights of the citizens of Louisiana and their general welfare.

Fourth, in Bourgeois, 783 So. 2d 1251, the issue was whether an amendment to La. C.C. art. 2315 could be applied to plaintiffs' suit seeking recovery of medical monitoring expenses. The supreme court held that retroactive application of the article would divest asymptomatic employees of vested right to assert causes of action for medical monitoring of asbestos exposure and violated due process.

Finally, in Burmaster v. Plaquemines Parish Government, 2007-2432 (La. 5/21/08), 982 So. 2d 795, after the plaintiff filed his original petition and amended petition setting forth a class action, Act 545 of 2006 was incorporated into La. R.S. 9:2800(H). Louisiana Revised Statutes 9:2800(H) limited claims against public entities for damages arising out of Hurricanes Katrina and Rita to those based on gross negligence or willful and wanton misconduct. Thus, the amendment was intended to eliminate general negligence claims like those set forth by the plaintiff herein. The supreme court held that La. R.S. 9:2800(H) was unconstitutional if made

6

applicable to the pending, accrued, vested causes of action asserted by the plaintiff and the class he represents.[5]

Collectively, I believe these cases stand for the proposition that Louisiana law does not favor the retroactive application of amendments when such amendments interfere with Louisiana insureds' ability to mount a fulsome defense of their rights under their policies. In the context of class action litigation and the peculiar nature of this nontraditional procedure, retroactive application of a class action bar would flout this established principal.

This litigation was initiated as a class action on behalf of those similarly situated approximately twenty months before the legislature passed Act 290. To apply Act 290 retroactively would divest a targeted group of property owners insured by LIGA and Citizens of their vested rights under their policies and under Louisiana law. As mentioned, a bar to class certification would make it impracticable if not impossible to bring the claims individually and would detract from the goal of effectuation of substantive law, judicial efficiency, and individual fairness. The peculiar nature of class actions allows for the vindication of bad faith claims brought by a population ill-suited to bring the claims on an individual basis. If retroactive application of the procedural bar does not eliminate claims entirely, it would nonetheless grossly impair contractual obligations and disturb vested rights, without any interpretative imperative to do so under Louisiana law.

---

[5] I note that Burmaster was overruled earlier this year by Bienvenu, 386 So. 3d 280. However, I find Bienvenu to be distinguishable. In Bienvenu, the supreme court considered whether La. R.S. 9:2800.9, which revived certain prescribed child sex abuse claims for a limited three-year period, conflicted with the due process protections set for in the Louisiana Constitution. Bienvenu explained that Burmaster erred in elevating vested property rights above all other rights without conducting a sufficient constitutional analysis, as was conducted in All Property. See Bienvenu, 386 So. 3d at 287; See All Property, 937 So. 2d 313. The Bienvenu court stated, "The legislature is free to enact laws which operate retroactively as long as those laws do not violate the limits imposed on the legislature through the constitution.... To the extent that Burmaster suggests otherwise, it is overruled." 386 So. 3d at 289. The court explained, "This case is strictly limited to its facts, examining whether a singular legislative act, addressing a particular systematic societal problem, hidden from the public, and impacting children and touching on the public safety, morals and welfare, comports with due process. Each case must be tested on its own unique circumstances." Bienvenu, 386 So. 3d at 292.

For these reasons, I would reverse the trial court's November 13, 2023 judgment, sustaining the exception of improper use of class action procedure, striking the purported class action allegations from the pleadings, and dismissing all class action allegations made by Mr. Parria against Citizens with prejudice.